STATE EX REL. SMITH, COMMISSIONER BUREAU
MOTOR VEHICLES *v.* DELAWARE CIRCUIT COURT ET AL.

[No. 28,960. Filed October 6, 1952.]

*J. Emmett McManamon,* Attorney General, and *Lewis K. Murchie,* Deputy Attorney General, for relators.

*Joe Davis,* pro se, for respondent.

DRAPER, J.—Prior to October 13, 1951, George Washington Clark was twice charged with the offense of operating an automobile while under the influence of intoxicating liquor. He was twice convicted and on each of those occasions his current operator's license was duly suspended by proper authority.

On the date above mentioned he was again convicted of a like offense in the Muncie City Court. That judgment has neither been reversed nor modified. No prior convictions were charged in the affidavit, and the court, apparently uninformed as to the prior convictions, recommended that Clark's current operator's license be suspended for ninety (90) days. Despite the court's failure to recommend suspension of license for one year, as required by law upon a third conviction for this offense,

the Commissioner, Division of Safety Responsibility and Driver Improvement, suspended his current operator's license for one year in accordance with the provisions of Burns' 1952 Replacement, §47-1052, which directs the Commissioner to act in the matter of suspension as if the proper recommendation had been made by the court.

On October 30, 1951, Clark filed in the Delaware Circuit Court his petition for review of the order of the Commissioner, the same being filed under Cause Number 51/832. On the same day he filed verified petition for restraining order without notice to restrain the Commissioner from taking up his operator's license, and the order was issued. Other pleadings were thereafter filed but on April 23, 1952, pursuant to motion for change of Judge filed by Clark, the Honorable James D. Draper was named as Special Judge in the cause, and he qualified and assumed jurisdiction.

On July 24, 1952, on petition of the relator, we issued our writ temporarily prohibiting the Circuit Court of Delaware County from enforcing the restraining order against the Commissioner which was issued on October 30, 1951. The petition for review (Cause No. 51/832) still pends undisposed of before Judge Draper.

The first question presented is whether the temporary writ heretofore issued should be dissolved, or made permanent.

Sec. 47-1052, under which suspension was made, requires the court to recommend suspension of the license for one year upon a second or subsequent conviction for driving while under the influence of intoxicating liquor. It further requires the Commissioner to follow such recommendation if the same is appropriate to the situation. However, should the court either intentionally or mistakenly fail to recommend suspension for one year when such should be done, the Commissioner is required

by said section to suspend the license for one year, as was done in this case.

Sec. 47-1048 provides, in sub. (g) thereof, that any person aggrieved by an order or act of the Commissioner under §47-1052 may file a petition for court review, but the filing of such petition shall not suspend the order or act, and the court shall not grant any stay thereof pending final determination. The court therefore had no statutory authority to stay the order or restrain the enforcement thereof, as it undertook to do in its order of October 30, 1951.

Nor did the court have jurisdiction to enter a restraining order on general equitable principles. A license to operate a motor vehicle on the public highways is a privilege and not a property right. *Commonwealth* v. *Cronin* (1939), 336 Penn. 469, 9 Atl. 2d 408; *Sullins* v. *Butler* (1940), 175 Tenn. 468, 135 S. W. 2d 930; *Nulter* v. *State Road Commission of West Virginia* (1937), 119 W. Virginia 312, 193 S. E. 549, 194 S. E. 270; 60 C. J. S. Motor Vehicles, §159, p. 481; Blashfield Cyc. of Automobile Law & Practice, Vol. I, §21, p. 35. The jurisdiction and power of courts of equity to issue restraining orders is limited to the protection of civil and property rights. *State ex rel.* v. *Marion Circuit Court* (1943), 221 Ind. 572, 49 N. E. 2d 538; *State ex rel.* v. *Montgomery Circuit Court* (1945), 223 Ind. 476, 62 N. E. 2d 149. If a court has no jurisdiction to issue injunctions and restraining orders in a particular class of cases, this court will prohibit the threatened exercise of jurisdiction in a case within that class. *State ex rel. Fry* v. *Superior Court of Lake County* (1933), 205 Ind. 355, 186 N. E. 310. It will also prohibit the enforcement of a judgment or order entered by a circuit court without jurisdiction. *State ex rel.* v.

*Superior Court of Marion County* (1943), 221 Ind. 228, 47 N. E. 2d 139.

The court being without authority either in law or equity to stay or restrain the enforcement of the Commissioner's order, the temporary writ should be made permanent.

The court review to which one aggrieved by an order of the Commissioner is entitled by virtue of §47-1048, is to be had in accordance with the provisions of §47-1047. Subdivision (i) of that section provides in effect that if a petition for review is not heard by the court within six months from the date of filing, it shall not be thereafter heard and the order of the Commissioner shall stand in full force and effect. Relying on the foregoing the relator urges us to prohibit the Delaware Circuit Court from proceeding further in the matter of the petition for review. This we cannot do.

In *Albert et al.* v. *Milk Control Board of Indiana* (1936), 210 Ind. 283, 200 N. E. 688, this court had before it a statute which provided for an appeal to the Appellate Court, and further provided that if the Appellate Court did not render its decision within ninety days after the transcript of the record therein was filed with it, such judgment or decree so appealed from should be conclusively deemed to be affirmed. This court there said:

> "Under the foregoing section, an appeal having been provided for in certain cases to the Appellate Court, we do not think the legislature had the power to, in effect, compel the court to decide the case within ninety days. There must be an orderly procedure in the disposition of appealed cases, and to say that one class of cases must be decided within a specified time, and by failure to do so the judgment below must be considered affirmed, is an arbitrary and capricious classification. The act gives a right to appeal, and after one appeals and incurs

the expense thereof, he should not be deprived of the right to have his appeal disposed of in the regular manner because of the failure of the court, for one reason or another, to decide it within ninety days."

A special judge duly appointed and qualified is the judge of the court for the purposes of the particular case. The statute governing the issuance of writs of prohibition from this court provides for the issuing of writs of prohibition against *courts*. It does not mention judges. "Without being named in the writ, or being made parties to the proceeding, all judges or officers of courts, and all persons whomsoever, who have notice of the writ, are bound by writs of prohibition against courts, and are prohibited from acting upon authority of the prohibited court just as effectively as though they had been made parties to the action and the writ." *State ex rel. Spencer* v. *Criminal Court, Marion Co.* (1938), 214 Ind. 551, 15 N. E. 2d 1020, 16 N. E. 2d 888.

The temporary writ of prohibition heretofore issued is made permanent. It is directed that a certified copy hereof be forwarded to the Delaware Circuit Court and to the Honorable James D. Draper, Special Judge in Cause Number 51/832 therein.

NOTE.—Reported in 108 N. E. 2d 58.