BERRY ET AL. *v.* THE TOWN OF FOWLER.

[No. 29,858. Filed April 26, 1960.]

444

Karl M. Jacobs, of Fowler, for appellants.

W. Douglas Elwood and Hawkins & Elwood, of Fowler, for appellee.

PER CURIAM.—Appellants brought action in the lower court pursuant to Burns' §48-903 (1950 Replacement),[1] et seq., to vacate a portion of a street in the town of Fowler, Indiana. Appellee town was made a defendant and filed answer and remonstrance. Notice was given to the abutting landowners as provided by Burns' §48-909 (1950 Replacement),[2] each of whom appeared and filed remonstrance.

Trial was had before the court resulting in a finding and judgment for appellee. Appellants' motion for new trial was overruled.

Appellants appeal from the judgment to this Court contending the decision of the court below was contrary to law and not sustained by sufficient evidence.

---

1. Acts 1907, ch. 279, §3, p. 617.
2. Acts 1907, ch. 279, §9, p. 617; 1927, ch. 181, §1, p. 536; 1951, ch. 73, §1, p. 179.

Appellee has not filed brief on this appeal, and under the established decisions of the state, in determining this appeal, we may properly consider whether ■ appellants have made a prima facie showing of error in their brief. See: 2 West's Ind. Law Encyl., "Appeals," §394, and cases therein cited.

Appellants contend in substance that the evidence introduced in support of the petition to vacate has fully sustained each of the material averments of the petition or complaint by uncontradicted evidence and that no evidence having been offered in contravention thereof the general finding against appellants is contrary to law and will compel a reversal.

From an examination of the record evidence we agree with appellants' contention that the evidence was of such a character that the court below of necessity could only have found for appellants on their petition to vacate.

Although we cannot determine the credibility of witnesses or weigh conflicting evidence, appellants have made a prima facie showing that the testimony ■ of appellants' five witnesses fully sustained the petition to vacate and such evidence was not rebutted by the testimony of the only two witnesses for appellee and remonstrators who testified solely as to irrelevant matters in the case. It therefore is our conclusion that the decision of the lower court was contrary to law. See: *Egbert* v. *Egbert* (1948), 226 Ind. 346, 352, 80 N. E. 2d 104; *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116.

Judgment reversed with directions to sustain the motion for new trial.

Achor, J., not participating because of illness.

NOTE.—Reported in 166 N. E. 2d 333.