KUYKENDALL v. COUNTY COMMISSIONERS OF MARION COUNTY, INDIANA, ET AL.

[No. 20,504. Filed March 19, 1968. Rehearing denied April 16, 1968. Transfer denied June 7, 1968.]

Richard J. Hartman, of Indianapolis, for appellants.

Nick G. Ricos, of Indianapolis, and George A. Rubin, of Indianapolis, for appellee.

PFAFF. J.—Appellants brought this action for Writ of Certiorari to review a decision of the Board of Zoning Appeals of Marion County, Indiana, which granted a variance of zoning to permit the construction of a moblie homes or trailer park.

Trial to the court resulted in judgment in favor of appellees. The error assigned here is the overruling of appellants' motion for a new trial. The only proper specifications of that motion are that (1) the decision of the court is not sustained by sufficient evidence, and (2) the decision of the court is contrary to law.

Appellees did not file an answer brief. Our courts of appeal have uniformly held that, in the event the appellee fails to file an answer brief, it is only necessary for the appellant to demonstrate a prima facie case of reversible error. *Newton d/b/a, etc.* v. *Hunt d/b/a, etc.* (1957), 127 Ind. App. 456, 142 N. E. 2d 643; *Wertzberger, Admr., etc.* v. *Herd et al.* (1957), 128 Ind. App. 85, 140 N. E. 2d 771, 146 N. E. 2d 115; *Sunn* v. *Martin* (1959), 130 Ind. App. 29, 161 N. E. 2d 487; 2 I.L.E., *Appeals* § 394, p. 275; 3 Wiltrout Ind. Civ. Proc., *Briefs*, § 2682, p. 427.

The question to be determined is whether the appellants have made a prima facie showing of reversible error in their brief.

In all cases appealed to this court there is a presumption that the trial court correctly decided the questions presented. It is incumbent upon the appellants to rebut this presumption in their brief by clearly showing that the trial court committed serious error which denied the relief to which they were entitled under the law.

The argument portion of appellants' brief contains only their opinions and conclusions as to the weight to be given to the evidence before the trial court. The appellants have cited two cases in their brief, neither of which apply to this case but do contain correct statements of the law, namely:

". . . . if the court and jury were deceived by his conduct at the trial into believing that he was helpless, a new trial should have been granted promptly." *City of Indianapolis* v. *Tansel* (1901), 157 Ind. 463, 466, 62 N. E. 35.

" 'Ordinarily, a claim of unnecessary hardship cannot be based upon conditions created by the owner or applicant.' " *Board of Zoning Appeals, etc.* v. *Waskelo et al.* (1960), 240 Ind. 594, 597, 168 N. E. 2d 72.

From a review of the record and the authorities cited by the appellants to support their position it is our opinion that the appellants have failed to demonstrate a prima facie showing of reversible error. It follows that the decision and judgment of the trial court must be affirmed.

Judgment affirmed.

Cook, P. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 860.