## SPEEDWAY BOARD OF ZONING APPEALS *v.* STANDARD CONCRETE MATERIALS, INC.

[No. 571A88. Filed December 23, 1971.]

---

*Roberts & Ryder; Jack H. Rogers, Ronald R. Snyder,* attorneys for Speedway Board of Zoning Appeals; *David F. Rees,* attorney for Metropolitan Development Commission, all of Indianapolis, for appellants.

*David A. Jester, Bulen & Castor,* of Indianapolis, for appellee.

STATON, J.—This is an appeal from a judgment rendered by the Marion County Superior Court, Room 2, which reversed the Speedway Board of Zoning Appeals' denial of a variance.

Standard Concrete Materials, Inc., filed a petition for a variance to construct a "convenient" shopping center which consisted of four retail stores to be open twenty-four hours a day with off-street parking at 2800 North High School Road in Marion County, Indiana. The site contains approximately 1.35 acres. Apartment developments flank the south and west sides, while Rotz Engineering, a single-story office structure, is to the immediate north. Beyond this is a medical office building. Another medical office is located to the southwest and single family residences are located to the east and northeast of the site. This described tract of real estate now carries an A-2 zoning classification which permits residential and agricultural uses.

A public hearing was held May 6, 1970, on the merits of the petition for a variance under the Board's Docket No. 1970-SV-3. The request for a variance was denied. The following findings were made by the Speedway Board of Zoning Appeals:

"1. THE GRANT OF THE VARIANCE *WILL NOT BE* ( ) *WILL BE* (X) INJURIOUS TO THE PUBLIC HEALTH, SAFETY, MORALS, AND GENERAL WELFARE OF THE COMMUNITY because: It creates a traffic hazard.
* * * * *

"5. THE GRANT OF THE VARIANCE *DOES NOT* ( ) *DOES* (X) INTERFERE SUBSTANTIALLY WITH THE METROPOLITAN COMPREHENSIVE PLAN because: Metropolitan Development Commission studies have recommended non-traffic generating business office use to serve as a buffer between the residential area to the East and the apartments to the West."

Standard Concrete Materials, Inc., filed its Petition for Certiorari on June 4, 1970, and among other things set forth at paragraph 7 thereof, the following:

"7. That the remonstrance in the subject case presented no evidence to the Board, showing that:
  (a) The grant of the variance would be injurious to the public health, safety, morals and general welfare of the community.
* * * * *
  (e) That the grant of the variance would interfere with the Metropolitan Comprehensive Plan."

The Marion County Superior Court reversed the negative decision of the Speedway Board of Zoning Appeals on December 4, 1970, and made its "Special Findings of Fact, Conclusion of Law and Decree." Paragraphs 6 (a) and (e) are the only portions that will be set out here for the purpose of this appeal:

"6. The evidence in this cause, the transcript of proceedings before the defendant Board, the exhibits introduced therein, along with communications from various

other agencies and with the orders, entries and papers in connection with the hearing before the Board, disclose that there was substantial evidence of probative value establishing the following:

   (a) The grant of the variance will not be injurious to the public health, safety, morals and general welfare of the community because; the proposed use does not involve noxious activity, air pollution or traffic congestion; surface water is adequately drained and proper sanitary facilities are available.

   (e) The grant of the variance does not interfere substantially with the Metropolitan Comprehensive Plan because; the area is designated for commercial use, fully developed with the exception of this one remaining tract; the proposed development will not have a substantial affect on the Comprehensive Plan for the reason the area is established; further the Plan does not consider this specific tract in relation to surrounding development."

The questions presented here upon appeal are:

   1. Did the Marion County Superior Court exceed the limits of judicial review when it reviewed the negative decision of the Speedway Board of Zoning Appeals of Marion County, Indiana?

   2. Is "substantial evidence of probative value" a proper test of inquiry where there is a judicial review of a negative decision?

We hold that the Marion County Superior Court did exceed the limits of judicial review and that "substantial evidence of probative value" is not a proper test for reviewing a negative decision.

Appellee, Standard Concrete Materials, Inc., has failed to file an answer brief: therefore, "* * * it is only incumbent upon * * * [appellant, Speedway Board of Zoning Appeals of Marion County] to make a prima facie showing of reversible error in order to entitle * * * [it] to a reversal of the trial court's decision." *DuFour* v. *DuFour* (1971), 149 Ind. App. 404, 27 Ind. Dec. 20, 273 N. E. 2d 102, 104. Court citing *Berry* v. *The Town of Fowler* (1960), 240 Ind. 443, 166 N. E. 2d 333; *Kuykendall* v. *County Comm'rs.*

*of Marion County* (1968), 142 Ind. App. 363, 234 N. E. 2d 860; *Nunemaker* v. *Glassburn* (1965), 137 Ind. App. 655, 210 N. E. 2d 668.

The statute, IC 1971, 18-7-2-71; Ind. Ann. Stat. § 53-969 (Burns 1971 Cum. Supp.) provides:

"Petitions for variance.—The boards of zoning appeals in accordance with the territorial jurisdiction of such boards as established by section 58 and 59 [§§ 53-958, 53-959] of this act, are hereby authorized to grant such variance from the applicable zoning ordinance upon determination in writing that:

1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.

3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.

4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.

5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 [§§ 53-931—53-937] of this act."

The scope of judicial review is more limited when the decision from the Board of Zoning Appeals is negative. Where there is a denial of a petition for a variance and reversal on review, "* * * the reviewing court must find that each of the five statutory prerequisites has been established as a matter of law, giving wide construction to the total evidence and resolving all doubts in favor of the Board's determination. * * * In other words, the evidence supporting each prerequisite must be such that no reasonable man could fail to accept that prerequisite as proved." *Metropolitan Board of Zoning Appeals* v. *Standard Life Insurance Co.* (1969), 145 Ind. App. 363, 18 Ind. Dec. 562, 251 N. E. 2d 60.

The Marion County Superior Court used the test of "substantial evidence of probative value" which is applicable only when reviewing a decision granting a variance. In *R. J. Realty, Inc.* v. *Keith* (1969), 145 Ind. App. 314, 250 N. E. 2d 757, we held that:

> "The findings of facts and conclusions of law made by the court below demonstrate a failure to apply the proper rule of law in reviewing the decision of the board. In determining whether the board's decision was, or was not, contrary to law, it is immaterial that 'there is substantial evidence of probative value in the record tending to show * * *' the converse of the statutory determination made by the board. The question before the court was whether there was or was not 'substantial evidence of probative value authorizing the grant of the variance on [each of the five] grounds' which the board did specially find to have been proven as required by Burns' Ind. Stat. Ann., § 53-969 (1969 Supp.). *Kessler etc.* v. *Board of Zoning Appeals,* 137 Ind. App. 610 [6 Ind. Dec. 109], 209 N. E. 2d 43 (1965); *Nelson* v. *The Board, etc.,* 240 Ind. 212, 162 N. E. 2d 449 (1959)."

The test of "substantial evidence of probative value" cannot be used in reviewing every decision from a board of zoning appeals. It "* * * is too general in that it fails to appreciate the distinction between the denial and the granting of a variance." *Metropolitan Board of Zoning Appeals* v. *Standard Life Insurance Co., supra,* 18 Ind. Dec. at 564. Our court stated in this case that it is not practical or realistic "* * * to require justification of a negative decision by 'substantial evidence' since it is clearly the burden of petitioner for a variance to establish the existence of each of the five statutory prerequisites. In order for a board properly to deny a variance, it is not always necessary that remonstrators appear and testify or that other evidence be presented in opposition to a variance." Therefore, the judicial review of a board's decision which denies a variance is different from a board's decision which grants a variance.

The exercise of discretion is not within the judicial review. The board "* * * has wide discretion whether or not to

grant a variance to a zoning ordinance, and in reviewing the Board's decision, the trial court may not substitute its discretion for that of the Board." *Board of Zoning Appeals of the City of Indianapolis* v. *American Fletcher National Bank and Trust Company* (1965), 139 Ind. App. 9, 12, 205 N. E. 2d 322.

When reviewing a negative decision, the reviewing court should examine each of the five statutory requirements for a variance and determine as a matter of law that each is: "* * * unequivocally present, giving wide construction to the total of the evidence introduced both before the Board and that given before the trial court, resolving all doubts in favor of the Board's determination." *Board of Zoning Appeals* v. *American Fletcher National Bank and Trust Company, supra*, 139 Ind. App. at 14.

Our examination of the evidence presented to the Speedway Board of Zoning Appeals on May 6, 1970, shows that several remonstrators were present and that a recommendation was filed by the Metropolitan Development Department. In addition to a certain preoccupation by some of those present with the appearance, height, design and placement of a sign for the "convenience" shopping center, there were several remonstrators who testified regarding traffic congestion. Roland Rhein, a remonstrator, remarked about the hardship of a neighbor to back out of his driveway if there was additional traffic coming out of the proposed parking lot. In particular, we note the testimony of Carl Cummings before the Board:

"I live at 6232 Hickory Wood Drive, 6232 Hickory Wood Drive, 6232 Hickory Wood Drive. I live directly across the street from the property we are talking about, on the corner. I am not like my neighbor of Fruitdale. I oppose this from several standpoints.

I don't know if I can get my point across. I am not a public speaker. I really didn't feel like I could afford to hire a lawyer and come in. Since they have widened High School Road, the traffic is about three or four times what it was before. And I feel like, with this center, the traffic will even be worse, right around this corner. It is true that Jack

behind me has a devil of a time getting out of a driveway when he has to back out. I feel that too, this is only conjecture, I feel that it will make the value of my property go down, because I think that I will have a real hard time selling it, say to someone with children. I think it will be almost impossible to buy. I wouldn't want to buy it, if I had small children.

There is the other reason I object to it, I don't like the idea that this store is going to be open, as I understand it, around the clock. In other words, there are going to be lights on, and all of this noise and everything will be right in my bedroom window. I realize this is commercial property and I wouldn't object if doctors offices, lawyers, or places like Rotz Engineering. And the man talked about it being a hardship. With the price they had on that property, I don't see how it could be a hardship because the price was tremendous.

You couldn't put a home on there, because you couldn't afford it. . . ."

This testimony coupled with the recommendation of the experts of the Metropolitan Development Department creates a conflict in the evidence before the Board as to requirements One and Five under the statute. The recommendation reads as follows:

"*STANDARD CONCRETE MATERIALS, INC.*

*HISTORY*

A petition for retail use was docketed (69-Z-126) before the Commission last year. The petition was withdrawn.

*COMMENT*

The staff *strongly recommends denial* of this petition for the following reasons:

1. Several years ago the staff and representatives from Speedway studied this area for potential land use. It was agreed that the High School Road frontage should be developed into office use to be compatible to the residential area located on the east side of High School Road. The remaining property is under construction for multi-family use.

2. The use requested by this petition represents a spot retail site which would disrupt the continuity of the com-

plex, pose an undesirable situation to the residential neighborhood and destroy the planning for the area.

3. There is no reason why this location cannot continue to be an attractive location for other office development that desires a stable environment.

4. The plot plan clearly indicates the detrimental affect of the site to the residential district. A structure surrounded by a sea of asphalt with none of the amenities of the residential district."

This recommendation may be considered by the Board. *Metropolitan Board of Zoning Appeals* v. *Standard Life Insurance Co., supra.*

The judgment of the Marion County Superior Court, Room 2, is reversed and the cause is remanded with directions to vacate and set aside its "Special Findings of Fact, Conclusions of Law and Decree." Said court is further directed to review the decision of the Speedway Board of Zoning Appeals of Marion County in conformity with the opinions expressed herein and to make findings of facts and conclusions of law based on such review, then render judgment consistent therewith. Costs are assessed against appellee.

Hoffman, C.J., Sharp and White, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 589.