311 So.2d 61 (1975)
John D. COMEAUX, Plaintiff-Appellant,
v.
DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellee.
No. 4929.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1975.
Rehearing Denied May 1, 1975.
Pugh, Buatt, Landry & Pugh, by Kenneth O. Privat Crowley, for plaintiff-appellant.
Foye L. Lowe, Jr., Dept. of Public Safety, Baton Rouge, for defendant-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
*62 HOOD, Judge.
John D. Comeaux instituted this suit to enjoin defendant, Louisiana Department of Public Safety, from revoking his driver's license for a period of twelve months under LSA-R.S. 32:414B(2). The trial court rendered judgment dismissing plaintiff's suit, and plaintiff has appealed.
The issue is whether defendant has authority to revoke plaintiff's driver's license under LSA-R.S. 32:414B(2), when plaintiff's second conviction of driving while intoxicated was not based on a charge that he was a second offender.
On April 5, 1970, plaintiff entered a plea of guilty to a charge of operating a vehicle while intoxicated (DWI), in violation of LSA-R.S. 14:98. On May 5, 1973, he entered a plea of guilty to another DWI charge, in violation of the same statute. The second conviction was not based on a charge that he was a "second offender."
On May 21, 1973, the Department of Public Safety notified plaintiff that his driver's license was being suspended, and instructed him to return his operator's license, along with registration plates and registration certificates. Comeaux requested a hearing to determine the correctness of the action taken by defendant, and pursuant to that request an administrative hearing for that purpose was held on July 31, 1973. Following that hearing, the actions of the Department of Public Safety were upheld. Plaintiff then instituted this suit.
The pertinent part of LSA-R.S. 32:414 B provided at the above mentioned times that:
"B. The department shall forthwith revoke the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes:
"(1) Manslaughter or negligent homicide resulting from the operation of a motor vehicle;
"(2) Conviction or the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person on the second subsequent offense for operating or being in the actual physical control of a motor vehicle while under the influence of intoxicating beverages. . . ."
LSA-R.S. 14:98 provides penalties for a person convicted for the first time of operating a vehicle while intoxicated, and it provides progressively more severe penalties for the second, third and fourth convictions of the same offense.
Plaintiff contends that defendant does not have the right to revoke his driver's license under LSA-R.S. 32:414B(2), unless he is charged and convicted as a "second offender" of driving while intoxicated. Defendant contends that LSA-R.S. 32:414B(2) requires that his license be revoked when he has been convicted twice of that offense, irrespective of the fact that his second conviction was not based on a charge of being a second offender.
The question presented has been decided contrary to the position taken by plaintiff in this suit. See Gardner v. State Department of Public Safety, 198 So.2d 184 (La.App.3rd Cir., 1967); Smith v. Department of Public Safety, 254 So.2d 515 (La.App.4th Cir., 1971); Norman v. Waguespack, 295 So.2d 820 (La.App.1st Cir., 1974); Bruce v. Department of Public Safety, 308 So.2d 512 (La.App.4th Cir., 1975).
For the reasons assigned in the cited cases, we conclude that the defendant Department has authority to revoke plaintiff's driver's license under LSA-R.S. 32:414B(2), despite the fact that his second conviction of DWI was not based on a charge that he was a second offender.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.