STATE OF INDIANA, BUREAU OF MOTOR VEHICLES, RALPH W. VAN NATTA, COMMISSIONER OF BUREAU OF MOTOR VEHICLES, CHARLES R. LITTLETON, DIRECTOR, DIVISION OF SAFETY RESPONSIBILITY AND DRIVER IMPROVEMENT v. RICHARD L. WALLER.

[No. 2-674A142. Filed December 16, 1975.]

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellants.

No appearance for appellee.

WHITE, J. Appellee (Waller) was convicted by the Municipal Court of Marion County of May 4, 1973, of driving a motor vehicle while under the influence of intoxicating liquor. Thereafter, the Commissioner of the Bureau of Motor Vehicles suspended his driving license for one year. Waller petitioned the Superior Court of Marion County for a judicial review of the Commissioner's action. The Superior Court ordered the Commissioner to remove the suspension and he appeals. Since no brief has been filed for appellee Waller we would reverse if the appellants' brief made a *prima facie* case for reversal[1], but it does not. We therefore affirm.

The facts, as found by the reviewing court, and not challenged by the Commissioner either in the motion to correct errors or in the appellants' brief, are:

"[1] The Petitioner, Richard L. Waller, was convicted of driving under the influence of liquor on August 10, 1970, and received a fine of $32.75 and costs, and his driving license was suspended for sixty (60) days.

"2. The Petitioner, Richard L. Waller, was convicted of driving under the influence of liquor on May 4, 1973, in the Marion Municipal Court, Room No. 13, and received a $28.00 fine and costs of $32.00. He also received a ten (10) day suspended sentence and his driving license was restricted for one (1) year and he was placed on probation for one (1) year.

"3. On June 25, 1973, the Bureau of Motor Vehicles, the Respondents herein, suspended Richard L. Waller's driving

1. *Speedway Board of Zoning Appeals* v. *Standard Concrete Materials, Inc.* (1971), 150 Ind. App. 363, 366, 276 N.E.2d 589.

license for a period of one (1) year from May 4, 1973, to May 4, 1974.

"4. That the Petitioner, Richard L. Waller, received no administrative hearing, but only received a letter of suspension.

"5. That the Petitioner, Richard L. Waller, was convicted on May 4, 1973, under Burns Indiana Statutes, Annot., § 47-2001B2.

"6. That Senate Bill No. 299 which was enacted on April 10, 1973, is the applicable statute in this case."

It is the Commissioner's contention that Waller's conviction of May 4, 1973, was a second conviction for driving while intoxicated (DWI) and by the statute then in force, Ind. Ann. Stat. § 47-2001(B)(3) (Burns 1973 Supp.), also known as Senate Bill No. 299 of 1973, SECTION 1(b)(3), or Senate Enrolled Act No. 299 of 1973, SECTION 1(b)(3), or Acts of 1973, Public Law No. 83, SECTION 1(b)(3), the convicting court, (i.e., the Municipal Court of Marion County) was required to suspend Waller's license for one year and when the court failed to do so the Commissioner was authorized and required, by the same statute to do so. The defect in the Commissioner's argument is that the reviewing court (the Superior Court) specifically found: "5. That the Petitioner, Richard L. Waller, was convicted on May 4, 1973, under Burns Indiana Statutes Annot., § 47-2001B2". § 47-2001B2 was, on May 4, 1973, subsection (b)(2) of SECTION 1 of P.L. 83 of 1973, which defined and prescribed the penalty for driving while intoxicated, not, as did subsection (b)(3), for "a second or any subsequent conviction within a three-year period from the date of the first conviction."[2] Finding No. 5, therefore, is a finding that Waller was convicted on May 4, 1973, *merely* of having driven a motor vehicle while intoxicated, not of DWI after having been previously convicted of DWI.

2. P.L. 83, 1973, S.B. No. 299, 1973, S.E.A. No. 299, 1973, came into effect on April 10, 1973, by virtue of an emergency clause and was replaced on February 21, 1974, by applicable provisions of P.L. 35 of 1974, which also had an emergency clause. (P.L. 35, 1974, has now been replaced by P.L. 102, 1975.)

What the Commissioner's argument fails to recognize is the rule of law that the more serious consequences which Senate Bill No. 299 of 1973 provides for second offenders cannot be imposed by the convicting court *merely* because the person it convicts has previously been convicted of driving while under the influence of liquor. As the Indiana Supreme Court said in *Minton* v. *State* (1966), 247 Ind. 307, 310, 214 N.E.2d 380, 382, with respect to Ind. Ann. Stat. § 10-3538 (Burns 1965 Supp.) which provided a greater punishment for a second or subsequent offense under the 1935 Narcotic Act amended:

> "It has long been established in this state that when a statute imposes a greater punishment upon a second and subsequent conviction of an offense, the former conviction must be alleged in the affidavit or indictment, and proved at the trial. *Evans* v. *The State* (1898), 150 Ind. 651, 50 N.E. 820
>
> "This doctrine has been held to apply to the habitual criminal area. *Barr* v. *State* (1933), 205 Ind. 481, 187 N.E. 259.[3]

3. Although *Barr* notes that the habitual criminal statutes (then Ind. Ann. Stat. §§ 2339 and 2340 [Burns 1926], now §§ 9-2207 and 9-2208) specifically require the prior convictions to be pleaded and proved, it cites and quotes opinions by English and American courts (including *Evans* v. *State* [1898], 150 Ind. 651, 50 N.E. 820) which require it regardless of statute whenever a greater penalty is imposed for a subsequent conviction. *Long* v. *State* (1872), 36 Texas 6, is quoted with approval of its statement of the reasons for the rule:

" 'The prisoner is not tried over again for his first offense, but he has a right to know that the question of his having committed a first offense is to be presented to the jury, and if it be shown that he did commit a former offense, that his punishment will be increased thereby, so that he may rebut this fact in any manner the law points out to him. The question of identity certainly may be raised, and he has a right to show that he is not the person named in the former record. He might also show that the court had no jurisdiction to try the case, or that the judgment of conviction had been set aside, a new trial granted him, and that he had been acquitted. How is he to make any of these defenses unless notified by the indictment of the intention of the State to hold him as guilty of a second or third offense? Lord Campbell, Ch.J., in an English case, observed: "A statement of a previous conviction does not charge an offense. It is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offense; they only find that he was previously convicted of it, as a historical fact." *Reg.* v. *Clark* (1853), Dears, C.C. 198, 201, 169 Eng. Reprint, 694. . . .' "

"It has also been held applicable to driving 'while under the influence' of intoxicating liquor, where the statute provides for an increased penalty on a second or subsequent conviction. *Buchta* v. *State* (1955), 234 Ind. 295, 126 N.E.2d 151." [Also, *In re Sobieski* (1965), 246 Ind. 222, 204 N.E.2d 353.]

Of course when a defendant is charged with second offense driving while intoxicated, i.e., charged both with driving while intoxicated and with having been previously convicted of driving while intoxicated (DWI), he may be found guilty of first offense DWI if the State proves the offense charged but fails to prove the prior conviction. Likewise, a defendant so charged may be willing to admit that he is guilty of the offense charged but he may deny, or simply refuse to admit, that he was previously convicted. In such a case the prosecutor may not be prepared to prove the prior conviction. If for that reason, or for any reason whatsoever, the State is willing to accept a plea of guilty to first offense DWI, and the court accepts it, defendant can only be convicted of first offense DWI. (In a charge of second offense DWI, first offense DWI is a lesser included offense. *Woods* v. *State* [1955], 234 Ind. 598, 605, 130 N.E.2d 139.)

It appears that this is precisely what happened when Waller was convicted in Municipal Court on May 4, 1973. The evidence (if any) at the Superior Court judicial review trial is not in the record before us nor do we have a copy of the Municipal Court record, but Waller's trial brief states that as a result of plea bargaining in Municipal Court the charge was reduced and he was permitted to plead guilty under "Burns Indiana Statutes Annot. § 47-2001B2". As previously noted, the reviewing court's finding No. 2 is that Waller, upon his conviction of May 4, 1973:

". . . received a $28.00 fine and costs of $32.00. He also received a ten (10) day suspended sentence and his driving license was restricted for one (1) year and he was placed on probation for one (1) year."

238

This Municipal Court judgment is authorized by Ind. Ann. Stat. § 47-2001(b) (2) (Burns 1973 Supp.) which is Acts 1973, P.L. 83, SECTION 1(b) (2), in the following language, which as published in the official edition of the Acts of 1973, and photocopied herein, shows by lines drawn through words what the 1973 amendment deleted from the 1969 version and by bold face type what the 1973 amendment added:

"(2) In all cases except those covered by subparagraph (1) above, any person who drives a vehicle upon any highway while under the influence of intoxicating liquor or unlawfully under the influence of narcotic or other habit forming or dangerous, depressant or stimulant drugs shall be guilty of a misdemeanor and upon first conviction shall be imprisoned for not less than five (5) days nor more than six (6) months, or punished by a fine of not less than twenty-five dollars ($25.00) nor more than five hundred dollars ($500), or by both such fine and imprisonment; and the court shall recommend the suspension of the current driving license of the person so convicted for a determinate period of not less than two (2) months nor more than one (1) year. ~~and until such person shall give and maintain for a period of three (3) years proof of his financial responsibility in the manner specified in chapter 159 of the Acts of 1947, as amended, and the commissioner of motor vehicles shall thereupon comply with such recommendation, and should the court fail to make the appropriate mandatory recommendation, the commissioner shall proceed to act in the matter as if such recommendation had been made by the court.~~

**The Court may withhold imposition of that part of the sentence that recommends suspension of the driving license, and in such case the court shall place the person on probation for a period of not less than one (1) year with any reasonable terms of probation, which shall include but not be limited to the provisions that the person shall not commit a violation of any traffic law and the use of the driving privilege shall be restricted to the essential requirements of the person in the performance of the person's employment duties and the necessary driving to and from his place of employment. The court shall specify driving conditions and restrictions, including but not limited to routes and hours of travel, to be placed upon the driving license and signed by the judge of the court. All conditions and restrictions shall be certified by the court to the bureau**

of motor vehicles. If the court thereafter finds the person has violated any of the terms of probation, the court shall then impose that part of the sentence that recommends suspension of the driving license and the period of suspension shall commence with the imposition of the sentence of suspension.

In any case where the court recommends suspension of the driving license and this part of the sentence is imposed, the commissioner of the bureau of motor vehicles shall comply with such recommendation of suspension and the license of the person shall remain suspended for the determinate time set by the court. Such person shall give and maintain proof of his financial responsibility in the manner specified in IC 1971, 9-2-1, which proof shall continue for a period of three (3) years from the date of first proof of financial responsibility."

That part of the Municipal Court sentence which relates to Waller's driving license conforms to the wording of the second grammatical paragraph of the above quoted (b) (2) in that it "[i] withhold[s] imposition of [i.e., does not impose] that part of the sentence that recommends suspension of the driving license, and [ii] . . . [obeys the command that] the court *shall* place the person on probation for a period of not less than one (1) year [iii] with any reasonable terms of probation . . . [i.e., his driving license was restricted for one year]."

It will be noted that (b) (2) imposes no duty, and confers no authority, on the Commissioner except "[i]n any case where the court recommends suspension of the driving license *and this part of the sentence is imposed"* (Our italics). In such case "the Commissioner . . . shall comply with such recommendation of suspension and the license of the person shall remain suspended *for the determinate time set by the court."* (Our italics.)[4] Thus, when

---

4. Immediately following sub-paragraph (b) (3) and immediately preceding sub-paragraph (c) is an unlettered paragraph which reads:

"Whenever any person is convicted for a violation of subsection (b) (2) of this section and the court imposes that part of the sentence that recommends a driving license suspension, the judge shall require the surrender to him of any operator's or chauffeur's license of such

the court does not impose that part of the sentence that recommends a driving license suspension, the Commissioner (or "the bureau") has no authority to suspend the driving privilege of any person convicted *merely* of driving while under the influence of intoxicating liquor and not also convicted "upon a second or subsequent conviction".

Nevertheless, the Commissioner contends that he had authority under the first grammatical sentence of (b)(3) to make the suspension he did. That grammatical sentence prescribes what the court's sentence shall be for "[a]ny such person upon a second or subsequent conviction within a three year period . . . [including the requirement that] the court shall recommend the suspension of the current driving license of the person so convicted for a determinate period of not less than one (1) year or more than two (2) years and until such person . . . and the commissioner shall thereupon comply with such recommendation, *and should the court fail to make such mandatory recommendation,* or should the court fail to make the appropriate mandatory recommendation, *the commissioner shall proceed to act in the matter as if such recommendation had been made by the court."* (Emphasis added.) In effect, the Commissioner is contending that the convicting court must treat the conviction as a "second or subsequent conviction" regardless of whether or not the state alleges and proves a prior conviction or whether or not the defendant pleads guilty, *as charged,* to an information or indictment which alleges a prior conviction. That is an essential element of the Commissioner's argument, because *unless* (1) the court recommends suspension or (2) he fails to recommend suspension *when it is mandatory that he do recommend suspension,* the Commis-

---

person and shall immediately forward the same to the bureau of motor vehicles with the abstract of conviction, and the bureau shall suspend the driving privilege of any person so convicted."

The words "and the court imposes that part of the sentence that recommends a driving license suspension" were added by the 1973 amendment.

sioner has no authority under (b) (3) "to act in the matter as if such recommendation had been made by the court."[5]

We read nothing in P.L. 83 of 1973, Ind. Ann. Stat. § 47-3001 (Burns 1973 Supp.) which purports or attempts to alter, amend, or annul the case law which "has long been established in this state that where a statute imposes a greater punishment upon a second and subsequent conviction of an offense, the former conviction must be alleged in the affidavit or indictment, and proved at

---

5. The dissenting opinion treats the "mandate" of (b) (3) as a mandate to the court which reviews the action of the Commissioner, which it obviously is not. It is a mandate to the Criminal Court in which a person has been charged with (1) having been previously convicted of DWI and (2) having thereafter driven while intoxicated and *in which court* both (1) and (2) have been judicially determined.

There is nothing whatsoever in *State ex rel. Smith* v. *Delaware Circuit Court* (1952), 231 Ind. 173, 108 N.E.2d 58, or *State ex rel. Root* v. *Circuit Court of Allen County* (1972), 259 Ind. 500, 289 N.E.2d 503, which supports the dissent's contention that (b) (3) authorizes the Commissioner to treat a first offense conviction as a second offense conviction merely because his records show an apparent prior conviction. Neither case concerns the Commissioner's power. Both are concerned only with the power of a reviewing court to enjoin, *pendente lite*, the Commissioner's revocation or suspension of driving privileges. Both cases were original actions in the Indiana Supreme Court and in both cases writs of prohibition were granted because the reviewing courts had exceeded their jurisdiction. In the Delaware Circuit Court case that court had issued its *pendente lite* restraining order in a judicial review case similar to the review case at bar. Then and now, the review statute (now IC 1971, 9-2-1-5[g]) provides that "the filing of such petition [for judicial review of the Commissioner's administrative order revoking or suspending driving privileges] shall not suspend the order or act [of the Commissioner] and the court shall not grant any stay thereof *pending final determination*." (Our emphasis.) The Supreme Court also held that the trial court had no jurisdiction on general equitable principles since the driver's license is a privilege and not a property right.

The *Allen County* case was not a judicial review under what is now IC 1971, 9-2-1-5 (g) (as is the case at bar), but was a proceeding on a petition "for a restricted driving permit pursuant to IC 1971, 9-5-2-1 to -2, Burns' Ind. Ann. Stat. §§ 47-2721-2722 (1972 Supp.)". (259 Ind. at 501.) The Commissioner's suspension in that case had been in conformity with the criminal trial court's recommendation made when that court found that the driver had "failed to take the breathalyzer test pursuant to Indiana law under the implied consent statute, IC 1971, 9-4-4.5-1 to -4, Burns Ind. Stat. Ann. §§ 47-2003c-f (1972 Supp.)". (*Ibid* at 501.) That case has absolutely nothing to do with any question before the court in this case for the simple reason that this is not an action for a restricted driver's license, nor does it involve a suspension for refusal to take a sobriety test.

the trial." *Minton* v. *State, supra* (247 Ind. 307, 310). We therefore need not consider whether such a statutory provision would exceed the legislature's constitutional power. Nor need we consider whether it would be within the legislature's power to confer upon the Commissioner the independent authority to suspend a driving license for a conviction which is *in fact* a second or subsequent conviction but the fact of the prior conviction was neither alleged, admitted, or proved at the time of the trial or guilty plea on the second conviction.[6] As the statutory and case law existed at the time the Commissioner acted to suspend Waller's license, the Commissioner had no authority to do so because no conviction had been certified to him in which the convicting court had recommended suspension or had failed to recommend suspension when it was mandatory to do so.

The judgment is affirmed.

---

6. Apparently there is such statutory authority in California and Louisiana. *Cook* v. *Bright, Director, etc.* (1962), 25 Cal. Rept. 116; *Comeaux* v. *Department of Public Safety* (1975), La. App., 311 So.2d 61.

Although no contention is made in the appellants' brief that the Commissioner was authorized by Ind. Ann. Stat. § 9-2-1-3(c) (Burns Code Ed., 1973), being § 3 of the 1947 "Indiana Motor Vehicle Safety Responsibility and Driver Improvement Act" (so named by its 9-2-1-42) our research suggests that that section (9-2-1-3[c]) is probably the basic statute from which the Commissioner derives authority to act in cases of this kind. But that is not to say that we believe it justifies the action he took in this case. Said 9-2-1-3(c) provides:

"(c) Upon any reasonable ground, appearing on the records of his department, the commissioner may suspend or revoke the current driving license of any person and may suspend or revoke any and all of the registration certificates and registration plates for any motor vehicle and in addition thereto, the commissioner may require proof of financial responsibility for a period of one [1] year in the manner hereinafter provided for in this act."

If the Commissioner's records accurately reflected what happened (i.e., that at the second conviction the first conviction was neither proved nor admitted), then there was *no* "reasonable ground, appearing on the records of his department" for the suspension. If the abstract of the second conviction was faulty to the extent of giving the Commissioner reasonable ground to believe that the first conviction was charged in the pleading charging the second offense and proved (or admitted) in the proceedings which resulted in the second conviction, then of course there was "reasonable ground, appearing on the records" for the Commissioner's action. But the reviewing court, on proof that the Commissioner's records were erroneous in that respect, had the duty to reverse the suspension.

Sullivan, P.J., concurs; Buchanan, J., dissents with separate opinion.

## DISSENTING OPINION

BUCHANAN, J.—I respectfully dissent and would reverse the judgment of the Superior Court of Marion County because in reviewing the Commissioner's suspension of Waller's driver's license, once it found in its Findings of Fact (One and Two) that Waller was twice convicted within a three-year period of operating a vehicle under the influence of intoxicating liquor, it was bound to affirm the Commissioner's action under the mandate of IC 1971, 9-4-1-54(b) (3), Ind. Ann. Stat. § 47-2001(b) (3) (Burns Supp. 1973) [also known as Senate Bill No. 299 of 1973, SECTION 1(b) (3)] (hereinafter (b) (3)). Therefore, Conclusions of Law No. 1 and No. 2, *infra,* by concluding that Senate Bill No. 299 is discretionary for "second offenders", are erroneous because they ignore Findings of Fact No. 1 and No. 2, which mandate suspension of a driver's license if the motorist has been twice convicted of driving under the influence within a three-year period.

The complete Findings of Fact and Conclusions of Law of the Superior Court of Marion County indicate Waller had been convicted of driving under the influence of intoxicating liquor twice within a three-year period:

### "FINDINGS OF FACT

"The Petitioner, Richard L. Waller, was convicted of driving under the influence of liquor on August 10, 1970, and received a fine of $32.75 and costs, and his driving license was suspended for sixty (60) days.

"2. The Petitioner, Richard L. Waller, was convicted of driving under the influence of liquor on May 4, 1973, in the Marion Municipal Court, Room No. 13, and received a $28.00 fine and costs of $32.00. He also received a ten (10) day suspended sentence and his driving license was restricted for one (1) year and he was placed on probation for one (1) year.

"3. On June 25, 1973, the Bureau of Motor Vehicles, the Respondents herein, suspended Richard L. Waller's

driving license for a period of one (1) year from May 4, 1973 to May 4, 1974.

"4. That the Petitioner, Richard L. Waller, received no administrative hearing, but only received a letter of suspension.

"5. That the Petitioner, Richard L. Waller, was convicted on May 4, 1973, under Burns Indiana Statutes, Annot. § 47-2001B2.

"6. That Senate Bill No. 299 which was enacted on April 10, 1973 is the applicable statute in this case.

## "CONCLUSIONS OF LAW

"1. Senate Bill No. 299 [Now IC 1971, 9-4-1-54] does not make it mandatory for a court to suspend a defendant's driving license even if he was previously convicted of driving under the influence of liquor, prior to April 10, 1973.

"2. That Senate Bill No. 299 is discretionary with the trial court as to whether or not he suspends the driving license of a second offender or issues the defendant a restricted driving license.

"3. That Senate Bill No. 299 as enacted on April 10, 1973, is vague and ambiguous, and therefore every benefit of doubt must be given to the defendant who is charged with a violation of said statute.

"4. That the Respondents have no legal right under the provisions of Senate Bill No. 299 to overrule a trial court's judgment.

"5. That the act of the Respondents on June 25, 1973, in suspending the Petitioner's driving license is arbitrary and capricious and was without due process of law."

The first and second Findings positively state that Waller was convicted of driving under the influence of intoxicating beverage twice within a three-year period and there is evidence in the record to support this finding. When faced with these Findings, the clarity of (b)(3) would seem to defy question. When a motorist has been convicted of "a second or any subsequent conviction within a three-year period" for driving under the influence of intoxicating liquor,

". . . the court *shall* recommend the suspension of the current driving license of the person so convicted for a determinate period of not less than one year . . . and the

commissioner of motor vehicles *shall* thereupon comply with such recommendation, and should the court fail to make such *mandatory* recommendation, or should the court fail to make the appropriate *mandatory* recommendation, *the commissioner shall* proceed to act in the matter as if such recommendation had been made by the court." (Emphasis added.)

The express language of the statute is neither vague nor ambiguous . . . to the contrary. It expresses a clear and unequivocable legislative intent that when "any such person [driving under the influence of intoxicating liquor, etc.] upon a second or any subsequent conviction within a three-year period from the date of the first such conviction" the court is bound to direct the suspension of the driver's license and "should the court fail to make such mandatory recommendation . . . the commissioner shall proceed to act in the manner as if such recommendation had been made by the court."

For over thirty years, the statutes regulating licensing of operators of motor vehicles have contained devices similar to subsection (b) (3), limiting judicial discretion as to suspension of licenses under certain conditions and mandating the Commissioner of Motor Vehicles to suspend licenses whether or not direction is received by the court convicting the erring motorist.

An example is IndAnn.Stat. § 47-1052 (Burns 1952 Replacement) which, like subsection (b) (3), required the court to recommend suspension of the license for one-year upon a second or subsequent conviction for driving while under the influence of intoxicating liquor. This statute was in effect in 1952 when *State ex rel. Smith* v. *Delaware Circuit Court* (1952), 231 Ind. 173, 108 N.E.2d 58, was decided, and the Indiana Supreme Court denied the right of the court to enter a restraining order preventing the Commissioner from acting in accordance with the provisions of § 47-1052 after the court had failed to follow the mandate of the statute.

The same principle was enunciated and followed in *State ex rel. Root* v. *Circuit Court of Allen County* (1972), 259

Ind. 500, 289 N.E.2d 503, the court recognizing that the regulation of driving is within the police power of the state and the inherent equity power of courts are thereby limited and accordingly quoted from *Underhill* v. *Franz* (1951), 230 Ind. 165, 101 N.E.2d 264:

> " 'A court has no power to do anything which is not authorized by law and when its procedure is defined by a special statute, its judicial function is essentially controlled thereby, and the remedy is confined to the mode prescribed, and the procedure so provided excludes resort to another or different procedure.' [Citations omitted] *Id.* at 173, 101 N.E.2d at 267." 289 N.E.2d 503, at 507.

The thrust of both of these cases is that the courts have neither the inherent equity power nor the legal right to contravene the clearly expressed intent of the legislature and that the courts have no discretion to act under certain conditions.

So once it was determined that Waller was twice convicted within the three-year period (and Waller's trial brief makes this admission), the only course open to the Superior Court of Marion County was to uphold the Commissioner's suspension of Waller's driver's license. Failure to do so was reversible error.

The concern of the majority that Waller's prior conviction was not properly established, is understandable but inapplicable.[1]

The net effect of their opinion is to assume that Waller's prior conviction might have been improperly established . . . an assumption that has no basis in the record. Contrary to Trial Rule 52(A)[2] of the Indiana Rules of Trial Procedure, the majority have changed the trial court's Findings by

1. Compare the majority opinion with *Lewis* v. *State* (1975), 166 Ind. App. 553, 337 N.E.2d 516.

2. TR. 52(A) provides:

"On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, *a court on appeal shall not set aside the findings or judgment unless clearly erroneous,* . . ." (Emphasis supplied.)

ignoring Findings 1 and 2 and embroidering on Finding 5 a factual conclusion that Waller's prior conviction was not alleged in the affidavit or indictment and proved at trial.

By so mutilating the Findings, the majority have partially emasculated (b) (3) and effectively trimmed the sails of clear legislative intent.

*Underhill* succinctly states the governing principle here:

"a court has no power to do anything which is not authorized by law and when its procedure is defined by a special statute its judicial function is essentially controlled thereby."

Furthermore, the State, as Appellant, need only make a prima facie showing of reversible error inasmuch as Waller failed to file a brief. This it has done. *DuFour* v. *DuFour* (1971), 149 Ind. App. 404, 273 N.E.2d 102; *Berry* v. *Town of Fowler* (1960), 240 Ind. 443, 166 N.E.2d 333; *Kuykendall* v. *Co. Comm'rs. of Marion County* (1968), 142 Ind. App. 363, 234 N.E.2d 860; *Nunemaker* v. *Glassburn* (1965), 137 Ind. App. 655, 210 N.E.2d 668; *Speedway Bd. of Zon. App.* v. *Standard Concrete Mat.* (1971), 150 Ind. App. 363, 276 N.E. 2d 589.

As Waller was twice convicted within a three-year period of operating a motor vehicle under the influence of intoxicating liquor the Superior Court had no choice, and was bound to affirm the Commissioner's action under the mandate of (b) (3), and its judgment ordering the Commissioner to remove the suspension of Waller's driver's license was reversible error.

NOTE.—Reported at 339 N.E.2d 61.