OPINION
This appeal is brought by Lesa Helton, biological mother of the minor child Samantha Helton from the judgment of the Court of Common Pleas, Hardin County, Juvenile Division terminating her parental rights. The child's father, Jeff Caudill, is not a party to this appeal.
The record presents the following facts. On June 28, 2000, pursuant to an ex parte emergency order, the Hardin County Department of Job and Family Services removed the minor child Samantha Helton, age 5, from her mother's care and placed her into foster care. The agency moved for the emergency order based on information that Lesa Helton was intoxicated while caring for Samantha and was continuing to reside in the home of a convicted sexual offender despite the agency's warnings to do otherwise.
On July 27, 2000, Samantha was adjudicated a neglected and dependent child with the consent of the appellant, Lesa Helton. Lesa, who was represented by court appointed counsel, stipulated to the allegations in the complaint filed by the agency alleging that Samantha lacked adequate parental care due to Lesa Helton's history of alcohol abuse, her lack of employment, and lack of stable living arrangement. The complaint further alleged that Samantha should be declared a dependent child based on Lesa Helton's failure to take corrective action with respect to her alcohol abuse. At that time a case plan was agreed upon by all parties with the goal of eventual reunification of mother and child.
Based on a continual failure to achieve the case plan goals over the course of a year, the agency filed a motion for permanent custody on May 1, 2001. On October 29, 2001 the parties appeared for a hearing on the agency's motion for permanent custody where Lisa Helton agreed to and consented to an award of permanent custody of Samantha to the agency. It is from this award that Appellant now appeals.
Appellant raises the following assignment of error:
 Appellant Lesa Helton was denied effective assistance of counsel.
In her sole assignment of error Appellant argues that she did not voluntarily consent to the permanent termination of her parental rights since her court appointed attorney failed to adequately advise her of the implications of terminating her parental rights. Appellant further alleges that her trial counsel's failure to adequately communicate with her resulted in her involuntarily relinquishing her parental rights. We do not find appellant's assertions well taken.
Both R.C. 2151.352 and Juv.R. 4(a) requires that parents be represented by counsel in permanent custody cases. In re T.C. (2000),140 Ohio App.3d 409. Furthermore, R.C. 2151.325 requires that if parents are indigent then counsel must be appointed by the court. In addition, the Due Process and Equal Protection clauses of the United States and Ohio Constitutions require that counsel representing parents during permanent custody proceedings be effective. State ex rel. Heller v.Miller (1980), 61 Ohio St.2d 6, 339 N.E.2d 66.
In Strickland v. Washington (1984), 466 U.S. 668, 687 the United States Supreme Court announced a two-part test that is to be used to determine ineffective assistance of counsel. In the case In re: Kuzel (March 31, 1993), Allen App. Nos. 1-92-89, 1-92-90, unreported, this court approved the holding in Jones v. Lucas County Children's Services Bd. (1988),46 Ohio App.3d 85, which applies the Strickland test to actions that force permanent termination of parental rights.
To prevail on a claim of ineffective assistance of counsel, an appellant must first show that her counsel's performance fell below an objective standard of reasonable professional competence and second that there is a reasonable probability that, but for the counsel's unprofessional error, the result of the proceeding would have been otherwise. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. However, an appellate court need not address both components of the analysis if one component fails. In reHart (Apr. 16, 1998), Cuyahoga App. No. 71783, unreported, 1998 WL 183863. Furthermore, a properly licensed attorney enjoys a presumption of competence. State v. Nabozny (1978), 54 Ohio St.2d 195, 214.
The appellant contends that she only consented to a finding of permanent custody of the minor child to the agency because her trial counsel informed her that the agency would seek an "open custody" and that she would continue to have contact with the minor child. The record does not support Appellant's contentions but rather contains the following exchange:
 Court: Do you understand that by stipulating to this finding that Samantha could not be returned to you within a reasonable period of time; the Agency has made reasonable efforts; and that you failed to remedy the chemical dependency situation causing her removal?
 By stipulating to that, the Court could then grant to the Agency permanent custody of your daughter, Samantha. Do you understand that?
 Helton: Yes.
 Court: And by permanent custody, you would no longer be considered her mother?
 Helton: Yes.
 Court: And that the Agency could place the child for adoption without your consent. Do you understand that?
 Helton: Yes.
 Court: Do you understand that you would have to right to visit with your daughter whatsoever?
 Helton: Yes.
 Court: Do you understand that the Agency says that they're going to make a good faith effort to have an open adoption for your child. And you know what that means, an open adoption?
 Helton: It's good — and yes.
 Court: Do you want to tell me what that means? Can you?
 Helton: Okay. In their best — they're going to try and get the best interested . . . open it to where I can still have at least some contact with her; some.
 Court: Well, okay. And do you understand that they're saying that that's . . . they're only going to make a good faith effort, they're not going to guarantee anything.
 And that's do you understand that even if the parents agree to an open adoption, they could say at any time she's my daughter, not your daughter, we don't want you to be around her. We don't want you sending pictures, we don't want you sending cards or Christmas gifts or anything? And they could move to Alaska, wouldn't have to tell you a thing? Do you understand all that?
 Helton: Yes.
Thereafter, the trial court asked the Appellant to describe permanent custody in her own words to which she replied:
 "Permanent custody is when they get custody of her. They can change her last name if they want to. Permanent custody is where I won't have no rights to her whatsoever. I will not see her, no contact, no nothing."
The trial court gave Helton every opportunity to express doubts, reservations, or to change her mind. The court explained clearly and thoroughly the ramifications of her consent to permanent custody. Furthermore, the court explained that the agency was only bound to make good faith efforts to secure an open adoption but could not guarantee anything.
The appellant points to a moment at the hearing where after expressing reservations about proceeding further, the appellant spoke with her attorney off the record and then told the court to proceed. Appellant contends that this is the moment that her counsel convinced her to proceed against her wishes. However, the record reveals that as soon as Appellant finished speaking with her attorney the court asked her if she was being coerced in anyway to which she replied, "No."
Even if we were to accept that Appellant's counsel did impart her with wrong or misleading information, Appellant has failed to show that but for his actions the result of the proceeding would have been otherwise. The dialog with the trial court could have corrected any misguidance by her attorney. More importantly, the court gave her every opportunity to express doubts, misunderstanding or to otherwise halt the proceedings. Accordingly, the appellant was not denied effective assistance of counsel and therefore her sole assignment of error is overruled.
For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Hardin County, Juvenile Division is affirmed.
Judgment Affirmed.
SHAW, P.J. and WALTERS, J., concur.