264 So.2d 725 (1972)
Franklin B. WHITAKER
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, DRIVERS LICENSE DIVISION.
No. 8917.
Court of Appeal of Louisiana, First Circuit.
June 26, 1972.
Rehearing Denied July 28, 1972.
Writ Granted September 28, 1972.
*726 John V. Parker and Charles S. McCowan, Jr., Sanders, Miller, Downing & Kean, Baton Rouge, for appellant.
Jodie W. Stout, Baton Rouge, for appellee.
Before LANDRY, BLANCHE and TUCKER, JJ.
BLANCHE, Judge.
Plaintiff, Franklin B. Whitaker, filed this suit against the State of Louisiana, Department of Public Safety, Drivers License Division, seeking to have R.S. 32:667 and R.S. 32:668 of the Louisiana "Implied Consent Law" declared unconstitutional and to have defendant enjoined from effectuating the required six-month suspension of plaintiff's driver's license and automobile owner registration certificates, as provided for by R.S. 32:667.
Plaintiff alleged in his petition that he was involved in a minor automobile accident on October 12, 1971, as a result of which he received from the defendant a form letter dated October 26, 1971, advising him that his driver's license, registration plates and registration certificates had been suspended for six months for his alleged refusal to submit to an alcohol analysis. Plaintiff obtained a temporary restraining order, temporarily restraining defendant from effectuating the suspension, which temporary restraining order was duly extended until a contradictory hearing could be held on the rule for a preliminary injunction. At this hearing, which was held on December 5, 1971, it was stipulated that the trial on the rule for a preliminary injunction would also constitute the trial of the suit for a permanent injunction. The matter was taken under advisement by the court, and in accordance with written reasons *727 handed down by the trial judge on January 13, 1972, judgment was read and signed on January 18, 1972, sustaining defendant's exception of prematurity, recalling and vacating plaintiff's rule for a preliminary injunction and dismissing plaintiff's suit for a permanent injunction. Upon plaintiff's motion, the trial court granted plaintiff a devolutive appeal but stayed all proceedings, including the scheduled administrative hearing, pending disposition on appeal.
Plaintiff contends that R.S. 32:667 is unconstitutional in that it provides for a fixed period of suspension before any notice is given or hearing is held (1) to determine whether or not a person such as plaintiff in fact refused to submit to the alcohol analysis, and (2) to determine by adjudication the probability of plaintiff's guilt or innocence of the charges brought against him.
With regard to (2) above, we are satisfied that this contention is without merit and that the requirement of a period of suspension of driving privileges of a motorist who refuses to submit to an alcohol analysis is not per se unconstitutional. Able counsel for plaintiff have not supplied us with any decisions declaring as unconstitutional this aspect of the implied consent law, nor have we found any. On the contrary, the implied consent law has been enacted in practically all states,[1] and while its constitutionality has been assailed in many, our research fails to disclose any successful constitutional attack with respect to this aspect of the law. Several courts have recognized that the mandatory suspension of the driver's license and related motoring privileges is a separate administrative corollary to the licensing statute and is unrelated to the potential criminal conduct arising out of the same factual situation. See, for example, Bowers v. Hults, 42 Misc.2d 845, 249 N.Y.S.2d 361 (N.Y.S.Ct. Special Term, Oneida County, 1964):
"The same motor vehicle accident may give rise to two separate and distinct proceedings. One, a civil and administrative licensing proceeding instituted by the Motor Vehicle Commissioner to determine whether a person's privilege to drive shall be revoked; the other, a criminal action; instituted by the People in the appropriate Court to determine whether a crime has been committed. Each proceed independently of the other, the outcome of one action is of no consequence in the other. * * *
"The legislative scheme is clear. The right to drive being a privilege granted by the State, it has for the protection of the public, imposed conditions on that privilege; one being that a person consent to a chemical test under the specified conditions of the Statute (Vehicle and Traffic Law, § 1194). Once the conditions of the Statute are met, refusal to take the test results in a mandatory loss of license. * * *" (Id. at 364, 365)
The highest court of the State of New York has held that the revocation of a motorist operator's license for his refusal to take a blood test after being arrested for driving while intoxicated did not deprive the motorist of any constitutional rights, even though the officers refused to allow the motorist to telephone an attorney, Finocchairo v. Kelly, 11 N.Y.2d 58, 226 N.Y. S.2d 403, 181 N.E.2d 427 (Court of Appeals of New York, 1962).
The Louisiana Supreme Court recognized in City of Monroe v. High, 254 La. 362, 223 So.2d 834, 838 (1969), that the so-called "Implied Consent Law" has been *728 in general declared constitutional by the United States Supreme Court:
"LSA-R.S. 32:661, supra, provides that any person who operates a motor vehicle upon the public highways of Louisiana shall, under certain prescribed circumstances, be deemed to have given consent to the making of a chemical alcoholic test of his blood, breath, urine, or other bodily substance. Such tests have been declared constitutional in the cases of Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448, and Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. * * *" (Id. at 838)
Plaintiff's principal allegation of unconstitutionality, summarized as (1) above is based on pronouncements made by the United States Supreme Court in the recent case of Bell v. Burson, 402 U.S. 535, 91 S. Ct. 1586, 29 L.Ed.2d 90 (1971), and particularly the following statement:
"* * * [I]t is fundamental that except in emergency situations (and this is not one) due process requires that when a State seeks to terminate an interest such as that here involved, it must afford `notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective. * * *" (Bell v. Burson, 91 S.Ct. at 1591emphasis supplied by the Supreme Court)
We hold that plaintiff's contention that R.S. 32:667 and R.S. 32:668 are unconstitutional is without merit. At the outset, it must be borne in mind that the validity of a statute is presumed and the burden is upon the assailant to clearly demonstrate its unconstitutionality; any doubt must be resolved in favor of constitutionality, Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971). When a court can reasonably do so, it will construe a statute so as to preserve its constitutionality, Pearce ex rel. Structural Pest Control Commission v. Sharbino, 254 La. 143, 223 So.2d 126 (1969). Acts of the legislature are presumed constitutional and are only held otherwise when no other alternative presents itself, Buras v. Orleans Parish Democratic Executive Committee, 248 La. 203, 177 So. 2d 576 (1965).
R.S. 32:667 provides in part that, "Upon receipt of the sworn report the department of public safety shall suspend the license of said person or his permit to drive, or any nonresident operating privilege for a period of six months from the date said license is delivered to the department of public safety."[2] (Emphasis added) It will be noted, therefore, that the *729 period of suspension does not begin to run until the license is delivered by the licensee to the Department of Public Safety. The licensee is specifically accorded the right of notification and the opportunity for an administrative hearing, which hearing is subject to judicial review, all as provided by R.S. 32:668, which makes applicable the procedure as set forth in R.S. 32:414.
The Fourth Circuit Court of Appeal in Smith v. Department of Public Safety, 254 So.2d 515 (La.App.4th Cir. 1971), recently passed upon a similar allegation of unconstitutionality of the suspension or revocation provisions of R.S. 32:414 following, inter alia, receipt by the Department of Public Safety of proof of the second conviction by the licensee of driving while intoxicated. The licensee there contended that his license could not be suspended or revoked without a prior hearing, relying on Bell v. Burson, cited supra. The appellate court in Smith concluded that the availability of an administrative hearing and the possibility of court action prior to effective suspension satisfied the minimal due process requirements of both the Louisiana and United States Constitutions. Inasmuch as the licensee has available similar administrative and judicial remedies to block effective suspension of his driver's license and registration privileges under R.S. 32:667 and R.S. 32:668, plaintiff's attack on the constitutionality of these statutes must fail.
We do feel, however, that the trial court erred in recalling plaintiff's rule for a preliminary injunction pending the holding of the requested administrative hearing as required by R.S. 32:668. We feel that this preliminary injunction should be granted until plaintiff's request for an administrative hearing in accordance with R. S. 32:668 can be honored.
For the foregoing reasons, the judgment appealed from is reversed and a preliminary injunction is issued herein against defendant, enjoining and prohibiting it from suspending or forcing the surrender of plaintiff's driving privileges, his driver's license, car registration plates and car certificate until such time as plaintiff's requested administrative hearing, in accordance with R.S. 32:668, can be scheduled and conducted. The order of the trial court rendered on January 20, 1972, precluding defendant from holding any administrative hearing is set aside. Defendant is taxed with all costs of this appeal to the extent permitted by law.
Reversed and rendered.
NOTES
[1] See Karabin, California's Implied Consent Statute: An Examination and Evaluation, 1 Loyola University of Los Angeles Law Review 23, wherein the author commences the article by stating that, "[o]n October 6, 1966, California became the forty-third state to adopt an implied consent statute." Louisiana's statute was enacted in 1968.
[2] The full text of R.S. 32:667 is as follows:

"If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement agency as provided in R.S. 32:661, none shall be given. In all such cases the law enforcement officer shall submit a sworn report in a form approved by the director of public safety to the department of public safety that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages and that the person had refused to submit to the test upon the request of the law enforcement officer. Upon receipt of the sworn report the department of public safety shall suspend the license of said person or his permit to drive, or any nonresident operating privilege for a period of six months from the date said license is delivered to the department of public safety. This suspension shall be in addition to any subsequent suspension or revocation of the license of any such person arising out of such actions for operating a vehicle while under the influence of alcoholic beverages. If the person is a resident without a license or permit to operate a motor vehicle in this state, the department of public safety shall deny the issuance of a license or permit to such person for a period of six months after the date of the alleged violation, subject to review as hereinafter provided."