295 So.2d 820 (1974)
O. L. NORMAN
v.
Hickley M. WAGUESPACK, Director, et al.
No. 9830.
Court of Appeal of Louisiana, First Circuit.
May 28, 1974.
MacAllynn J. Achee, Baton Rouge, for appellant.
Foye L. Lowe, Jr., Baton Rouge, for appellees.
Before LANDRY, ELLIS and PICKETT, JJ.
PICKETT, Judge.
Plaintiff, O. L. Norman, on August 7, 1970, entered a plea of guilty, in the Baton Rouge City Court, to a charge of operating a motor vehicle while intoxicated in violation of Article 98 of the Louisiana Criminal Code. On May 10, 1973, the appellant, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, entered a plea of guilty to another charge of operating a motor vehicle while intoxicated in violation of Article 98 of the Louisiana Criminal Code. Upon receiving notice of the second conviction, the defendant, Department of Public Safety, commenced revocation of license proceedings, pursuant to R.S. 32:414, subd. B. Plaintiff then filed this suit seeking injunctive relief, which was denied by the trial court, and plaintiff has appealed.
The second conviction was not based on a bill charging plaintiff as a "second offender." The sentence imposed was a fine of $150.00 or 30 days, and the trial judge added the recommendation that Mr. Norman be allowed to retain his driver's license, as is authorized by R.S. 32:414, subd. A.
We are asked to reconcile and interpret the following language in R.S. 32:414:
"A. The department shall, unless otherwise directed by the court having jurisdiction of the case, suspend the license of any person, for a period of sixty days, upon receiving ... satisfactory evidence of the conviction ... of any such person charged with the first offense for operating a motor vehicle while under the influence of beverages of high alcoholic content ..."
"B. The department shall forthwith revoke the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction... of any such person charged with any of the following crimes:
* * * * * *
"(2) Conviction or of the entry of a plea of guilty and sentence thereupon,... of any such person on the second offense [or subsequent offense] for operating a motor vehicle while under the influence of intoxicating liquor or a narcotic drug." (Emphasis ours)
*821 Plaintiff contends the revocation of his driver's license must be based on a conviction of the violation of R.S. 14:98 on a "charge" as a "second offender." The defendant Department contends that R.S. 32:414, subd. B(2) requires the revocation of the license for a second conviction, irrespective of whether the second conviction was based on a "charge" as a "second offender."
Plaintiff, also urges that the penal repercussions of R.S. 32:414 are so directly related to those of Article 98 that they cannot be distinguished and applied without a clear showing that the offender was aware of the consequences at the time of entering a plea of guilty.
With respect to the latter contention, we agree with the trial judge that the case of Whitaker v. State Department of Public Safety, Drivers License Division, 264 So. 2d 725 (La.App. 1st Cir. 1972), is authority for distinguishing criminal and administrative consequences:
"Several courts have recognized that the mandatory suspension of the driver's license and related motoring privileges is a separate administrative corollary to the licensing statute and is unrelated to the potential criminal conduct arising out of the same factual situation." 264 So.2d at 727.
With respect to the interpretation of R. S. 32:414 itself, plaintiff contends that two prior reported decisions are simply in error in holding that a charge as a "second offender" is not required. Smith v. Department of Public Safety, 254 So.2d 515 (La. App. 4th Cir. 1971); Gardner v. State, Department of Public Safety, 198 So.2d 184 (La.App. 3rd Cir. 1967).
We are of the opinion that the holdings in these cases are consistent with the statutory language and public policy in the area of driving privileges, and, therefore, we will follow these authorities.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at plaintiff-appellant's costs.
Affirmed.