311 So.2d 498 (1975)
Henry J. SWAN, Jr.
v.
DEPARTMENT OF PUBLIC SAFETY, of the State of Louisiana, et al.
No. 6762.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
Caryl H. Vesy, New Orleans, for plaintiff-appellee.
Foye L. Lowe, Jr., Associate Gen. Counsel, Baton Rouge, for defendants-appellants.
*499 Before GULOTTA, MORIAL and BEER, JJ.
MORIAL, Judge.
The Department of Public Safety appeals from a judgment enjoining and prohibiting it from suspending the driver's license of Henry J. Swan, Jr. for refusal to take the chemical test prescribed by LSA-R.S. 32:661 et seq. We affirm.
On January 9, 1974 at about 10:40 P.M. Officers Manual Ortiz, Jr. and John Heavey of the New Orleans Police Department stopped plaintiff after they observed him committing a violation of the New Orleans Traffic Ordinance. Plaintiff was asked out of his car. Officer Ortiz smelled the odor of alcohol on the plaintiff. He informed plaintiff that he was under arrest for driving while intoxicated. Plaintiff was placed in the police car. Enroute to the Central Lockup Officer Heavey verbally advised the plaintiff of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Specifically plaintiff was told:
"* * * he had a right to remain silent, anything he said could and would be used against him in Court; he had the right to consult with and seek the advice of an attorney; that if he could not afford an attorney, the Court would appoint an attorney to represent and advise him; that he had the right to have his attorney or appointed attorney present at the time of any questioning or giving of any statements; also, that he had the right to use the telephone, and we are going to let him use one as soon as possible."
Upon arrival at the Central Lockup Officer Ortiz read to the plaintiff from a printed form entitled, "Rights of DWI Arrestee or Suspect" as follows:
* * * * * *
"_____________, you have been arrested for alleged violation of operating a vehicle while intoxicated.
"Under provision of Louisiana Revised Statutes R.S. 32:661 et seq. (Implied Consent Statutes) you are requested to submit to a test to determine alcoholic content, if any, of your blood.
"If you refuse to submit to testing to determine alcoholic content of your blood, the Department of Public Safety shall suspend your driver's license or permit to drive for a period of six months from the date said license is delivered to the department. This suspension or revocation of your license or any fine or jail penalty arising out of any conviction for operating a vehicle under the influence of alcoholic beverages.
"You are entitled to have an additional test administered by a qualified person of your own choosing. You will be given an opportunity to use the telephone to request the qualified person to administer the test.
. . . ALSO . . .
"According to provisions of the Constitution of the United States and the State of Louisiana it is my duty to inform you that:
1. You need not make any statements; that is, you have a right to remain silent.
2. Anything you say may be used against you in trial.
3. You have a right to consult with and obtain the advice of an attorney, before answering any questions.
4. If you cannot afford an attorney the court will obtain an attorney to represent you and advise you.
5. You have a right to have your attorney or an appointed attorney present at the time of any questioning or giving of any statement."
Ortiz in the presence of Heavey requested Swan to take the chemical test and to sign the form entitled "Statements of Person *500 Refusing Test." The pertinent part of which provides:
"I have been asked to take a test for the purpose of determining the alcoholic content, if any, of my blood urine, breath or other bodily substance. And I have refused to take that test. I have been advised of the consequences of my refusal, in that my driving privileges will be suspended for six (6) months because of my refusal. `NO' I AIN'T GOING TO SIGN, "BABY' Signature of arrested person
"The arresting officer has advised me of my rights under the provisions of the Constitution of the United States and of the State of Louisiana as outlined on the reverse of this form. `NO' I AIN'T GOING TO SIGN `BABY' Signature of arrested person."
Plaintiff in the presence of Officer Heavey said he was not signing anything or taking any kind of test until he spoke to his lawyer and wrote above the signature line the words quoted. Plaintiff was not permitted to contact a lawyer.
It is well settled that the withdrawal of a person's driving privileges under the Louisiana Implied Consent Law, LSA-R.S. 32:661 et seq., is a civil sanction. Therefore, a driver does not enjoy the right to the Miranda warnings, or to have counsel present before deciding to submit to the chemical test prescribed by the statute. Such tests do not violate one's right against self incrimination. Whitaker v. State of Louisiana, Department of Public Safety, Drivers, License Division, 264 So.2d 725 (La.App. 1 Cir. 1972); writ issued 262 La. 1167, 266 So.2d 447, recalled and vacated 278 So.2d 503; Harrison v. State of Louisiana, Department of Public Safety, Drivers License Division, 298 So. 2d 312 (La.App. 4 Cir. 1974) writ refused. However, Swan did not initially assert his non-existent right to counsel in connection with the test. Officer Heavey first introduced the subject enroute to the Central Lockup.
Inherent in the instrument entitled "Rights of DWI Arrestee or Suspect" are evident contradictions between the statement explaining the legal obligations of plaintiff under the implied consent statute and the Miranda warnings. No place in the instrument is it made clear that the right to counsel and the right against self incrimination have no application whatever under the implied consent statute. The contradictions were compounded by the prior introduction of the Miranda rights by Officer Heavey.
Here it appears that the commingling of the information concerning the demands of the implied consent statute with the Miranda warnings resulted in Swan asserting a right he had earlier been told he was free to assert.
Apparently Swan misconceived the warning and thought he was entitled to consult an attorney. Swan's request came after he had first been told by Officer Heavey without qualification that he had a right to consult an attorney. Either Officer Heavey or Ortiz should have then elaborated by stating the right to counsel was inapplicable to the blood alcohol test, but applied only to the criminal charge of driving while intoxicated. Under such circumstance Swan is not deemed to have refused to submit to a chemical test within contemplation of LSA-R.S. 32:661 et seq.
Affirmed.
GULOTTA, J., concurs with written reasons.
GULOTTA, Judge (concurring).
I concur with the result reached by the majority. When considering the facts of this case, it is difficult to ascertain why the arresting officer refused to grant Swan's timely request to contact an attorney. Presumably, if an attorney were contacted, *501 he would have either recommended that Swan take the test or that he not do so. In any event, Swan's acquiescence, waiver or refusal would have been made after having the benefit of consultation with an attorney. I fail to envision how the rights of the State, the protection of the public which this statute is designed to protect could adversely be affected by permitting Swan, in the instant case, the benefit of consultation with his attorney.
Accordingly, I concur.