FRÜGÉ, Judge.
Forest Celestin instituted this suit to enjoin defendant, Louisiana Department of Public Safety, from revoking his driver’s license for a period of twelve months under La.R.S. 32:414B(2). The trial court rendered a summary judgment dismissing the plaintiff’s suit. Plaintiff has appealed.
On March 15, 1971 and again on February 11, 1974 the plaintiff entered a plea of guilty to a charge of operating a vehicle while intoxicated (D.W.I.) in violation of La.R.S. 14:98. On June 5, 1974 the Department of Public Safety notified plaintiff that his motor vehicle privileges were withdrawn and that he was to return to the Department his operator’s license along with his registration plates and registration certificates. Plaintiff requested and was granted an administrative hearing on September 4, 1974 at.which the hearing officer upheld the actions of the Department of *140 Public Safety. Thereafter plaintiff filed this suit seeking to enjoin the action of the Department of Public Safety.
Plaintiff contends that the decision of the hearing officer was erroneous on the ground that R.S. 32:414B(2) requires a conviction as a second offender for D.W.I. to substantiate the suspension of driving privileges for one year.
The pertinent part of R.S. 32:414B(2) provides as follows:
“B. The department shall forthwith revoke the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes :
“(1) • • •
“(2) Conviction or the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person on the second or subsequent offense for the operating or being in the actual physical control of a motor vehicle while under the influence of intoxicating beverages . . . .”
R.S. 14:98 provides penalties for a person convicted for the first time of operating a vehicle while intoxicated, and it provides progressively more severe penalties for the second, third and fourth convictions of the same offense.
Plaintiff contends that defendant does not have the right to revoke his driver’s license under R.S. 32:414B(2) unless he is charged and convicted as a “second offender” of driving while intoxicated. Defendant contends that R.S. 32:414B(2) requires that his license be revoked when he has been convicted twice of that offense irrespective of the fact that the second conviction was not based on a charge of being a second offender.
We find nothing in the language of R.S. 32:414B (2) which would require that a person be convicted as a second offender before his driving privileges may be revoked. Furthermore the jurisprudence indicates that the question presented has been decided contrary to the position taken by the plaintiff. See: Comeaux v. Department of Public Safety, 311 So.2d 61 (La.App. 3rd Cir. 1975); Norman v. Waguespack, 295 So.2d 820 (La.App. 1st Cir. 1974); Smith v. Department of Public Safety, 254 So.2d 515 (La.App. 4th Cir. 1971); Gardner v. State Department of Public Safety, 198 So.2d 184 (La.App. 3rd Cir. 1967).
For the reasons assigned in the cited cases, we conclude that the defendant-Department has the authority to revoke plaintiff’s driving privileges under R.S. 32:414B(2) despite the fact that his second conviction of D.W.I. was not based on the charge that he is a second offender. The judgment appealed from is affirmed and the costs of this appeal are assessed to plaintiff-appellant.
Affirmed.