ELLIS, Judge:
On September 10, 1973, Melvin D. Burns appeared in the Baton Rouge City Court and entered a plea of guilty to driving while intoxicated, first offense, and the court assessed a fine. On December 12, 1974, Mr. Burns entered a plea of guilty to driving while intoxicated, first offense, in the 19th Judicial District Court, and the court assessed a fine.
On January 7, 1975, Mr. Burns was notified by the License Control and Driver Improvement Division of the Department of Public Safety that his driver’s license was suspended for a period of one year for “Driving While Intoxicated (2nd offense).” An administrative hearing was requested, and was held on March 24, 1975. After the hearing, the suspension was af *820 firmed by the License Control Officer who conducted the hearing.
This proceeding for judicial review was filed by Mr. Burns on May 2, 1975, and heard on June 9, 1975. Judgment was signed on July 18, 1975, affirming the action of the Department of Public Safety and dismissing plaintiff’s suit. From that judgment, plaintiff has appealed.
Plaintiff alleged that the trial court was in error in a number of respects. First, he contends that R.S. 32:414, under which his license was suspended, requires that he be convicted as a second offender before his license can be suspended for one year. The contention is without merit. The statute only requires that he be convicted of the offense twice, not that he be convicted as a second offender. See R.S. 32:414 (B)(2) and (E); Norman v. Waguespack, 295 So.2d 820 (La.App. 1 Cir. 1974); Celestin v. Department of Public Safety, 316 So.2d 139 (La.App. 3 Cir. 1975).
It is further contended that the action of the Department in suspending plaintiff’s license is a denial of liberty and of property without due process of law, and constitutes a penal sanction based on a conviction which is unconstitutional because uncounselled. These contentions have been considered by this court as well as other intermediate appellate courts of this state, and decided adversely to plaintiff’s contentions. See Berger v. Department of Public Safety, 327 So.2d 705 (La. App. 1 Cir. 1976); Whitaker v. State, Department of Public Safety, Drivers License Division, 264 So.2d 725 (La.App. 1 Cir. 1972).
In the Berger case, we said:
“Plaintiff’s constitutional rights are amply protected by the judicial review provided by R.S. 32:414. The right to drive is a privilege granted by the state, and it may impose such reasonable conditions thereon as it may see fit. The suspension of the ■ driving privileges of those who are serious violators of the traffic laws is such a reasonable condition, imposed for the protection of the driving public.”
The judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.