327 So.2d 705 (1976)
In re Stephen BERGER
v.
DEPARTMENT OF PUBLIC SAFETY.
No. 10515.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
Rehearing Denied March 1, 1976.
Writ Refused April 13, 1976.
*706 James A. Wood, Baton Rouge, for appellant.
James C. Dixon, Baton Rouge, for appellee.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
ELLIS, Judge:
On August 21, 1974, Stephen E. Berger entered a plea of guilty to Driving While Intoxicated in the Traffic Court of the City of New Orleans. On August 26, 1974, Stephen E. Berger entered a plea of guilty to Driving While Intoxicated in the 23rd Judicial District Court for the Parish of Ascension. He was not charged as a second offender in the latter case.
On November 8, 1974, Mr. Berger was notified that his driver's license had been suspended for a period of one year. The reason indicated for the suspension was "Driving While Intoxicated (2nd Offense)". On December 6, 1974, through counsel, Mr. Berger requested a hearing, which was eventually scheduled for March 4, 1975.
The hearing was held as scheduled by Kirby Bergeron, License Control Officer, and was attended by Mr. Berger and his counsel. On March 6, 1975, Mr. Bergeron rendered a written decision, affirming the suspension of Mr. Berger's driving privileges. Written notice thereof was forwarded to Mr. Berger on March 14, 1975.
On April 11, 1975, this suit was filed, seeking judicial review of the suspension, and asking that the suspension be vacated. After trial on the merits, the trial court affirmed the suspension and dismissed plaintiff's suit. From the judgment of dismissal, plaintiff has appealed.
Plaintiff's contention is that, because he was not represented by counsel in his guilty plea before the New Orleans Traffic Court, he could not be legally convicted as a second offender before the 23rd Judicial District Court. He further argues that, without the benefit of advice of counsel as to all administrative consequences of his guilty plea, a conviction and sentence based thereon cannot form the basis for the suspension of his license under R.S. 32:414. He argues that it is a denial of due process to uphold a suspension of his driving privileges based on uncounseled convictions.
All of the authorities cited in support of this proposition relate to the penal consequences of an uncounseled plea. These cases stand for the proposition that an uncounseled conviction for Driving While Intoxicated cannot form the basis for mandatory or increased imprisonment following a second conviction for the same offense, absent a knowing and intelligent waiver of counsel. State v. Strange, 308 So.2d 795 (La.1975).
However, in Whitaker v. State Department of Public Safety, Drivers License Division, 264 So.2d 725 (La.App. 1 Cir. 1972), we noted that "mandatory suspension of the driver's license and related motoring privileges is a separate administrative corollary to the licensing statute and is unrelated to the potential criminal conduct arising out of the same factual *707 situation." See Norman v. Waguespack, 295 So.2d 820 (La.App. 1 Cir. 1974).
We hold that the doctrine of the Strange case supra, does not extend to administrative proceedings of this type. Plaintiff's constitutional rights are amply protected by the judicial review provided by R.S. 32:414. The right to drive is a privilege granted by the state, and it may impose such reasonable conditions thereon as it may see fit. The suspension of the driving privileges of those who are serious violators of the traffic laws is such a reasonable condition, imposed for the protection of the driving public.
The judgment appealed from is therefore affirmed, at plaintiff's cost.
Affirmed.