MORIAL, Judge.
The court has reviewed the record and determined that:
(1) the judgment of the district court is based on findings of fact which are adequately supported by the record.
*800 (2) while the decision is important to the litigants, an opinion would have no prece-dential value. See LSA-R.S. 32:414; 32:668; Burns v. Department of Public Safety, Driver’s License Division, 328 So.2d 819 (La.App. 1 Cir. 1976); Berger v. Department of Public Safety, 327 So.2d 705 (La.App. 1 Cir. 1976), writs refused, La., 330 So.2d 310; State of Louisiana v. Love, 312 So.2d 675 (La.App. 2 Cir. 1975), writ denied, La., 317 So.2d 627 (1975); Vicknair v. State of Louisiana, Department of Public Safety, 303 So.2d 226 (La. App. 4 Cir. 1974); Gardner v. State of Louisiana, Department of Public Safety, 198 So .2d 184 (La.App. 3 Cir. 1967).
The judgment is affirmed. Findings of fact are attached.

AFFIRMED.

FINDINGS OF FACT
At the time of trial the parties entered into the following stipulation:
1. Plaintiff, Thomas Knight, was twice adjudicated guilty of driving while intoxicated.
2. Plaintiff, Thomas Knight, was first adjudicated guilty of driving while intoxicated following a plea of guilty on May 29, 1973 in the Traffic Court of New Orleans.
3. Plaintiff, Thomas Knight, was unrepresented by counsel when he plead guilty on May 29, 1973.
4. Plaintiff, Thomas Knight, was adjudicated guilty of driving while intoxicated a second time on November 13, 1974 in the first Parish Court of Jefferson.
5. Plaintiff, Thomas Knight, was represented by counsel on November 13, 1974 when he was adjudicated guilty of driving while intoxicated.
6. At the time of his conviction on November 13, 1974, plaintiff, Thomas Knight, was not tried under the criminal law of Louisiana as a second offender.
7. Plaintiff is a diesel mechanic.
8. Plaintiff’s work requires him to use, drive and operate automobiles and trucks.
From our examination of the record we make the following findings of fact:
9. Thomas Knight held a valid Louisiana chauffeur’s license No. 2246463.
10. Carolyn Knight holds a valid Louisiana driver’s license No. 1666242.
11. Plaintiffs jointly own an automobile to which Louisiana registration plate and registration certificate No. 389B670 were issued.
12. On March 27, 1975, Thomas Knight received an Official Notification of Withdrawal of Motor Vehicle Privileges suspending his operator’s license for one year because of “Driving While Intoxicated (2nd offense)” and directing him to return to the Department of Public Safety his operator’s license, registration plates and registration certificate.
13. Thomas Knight requested an administrative hearing in accordance with LSA-R.S. 32:668 to contest the suspension of his operator’s license.
14. Thomas Knight was granted an administrative hearing in accordance with LSA-R.S. 32:668, 32:414 E on June 5, 1975.
15. Thomas Knight through counsel filed a motion to quash the attempt of the State of Louisiana to revoke his operator’s license based upon Article 1 § 4 and Article 1 § 19 of the Louisiana Constitution of 1974.
*801 16. At the administrative hearing Thomas Knight identified himself as having been adjudicated guilty of driving while intoxicated on May 29, 1973 and again on November 13, 1974.
17. The suspension of Thomas Knight’s operator’s license was affirmed by the hearing officer on June 5, 1975.
18.A judicial review of the administrative hearing was held on November 4, 1975 and the district court dismissed plaintiff’s suit.