517 So.2d 1000 (1987)
STATE of Louisiana
v.
Warren BROUSSARD.
No. K87-313.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Writ Denied November 20, 1987.
L. Lomax Jordan, Jr., Lafayette, for defendant.
*1001 David Hutchins, Asst. Dist. Atty., Lafayette, for plaintiff.
Before STOKER, DOUCET and KNOLL, JJ.
STOKER, Judge.
On August 12, 1986 defendant, Warren H. Broussard, was arrested for driving while intoxicated, first offense, a violation of LSA-R.S. 14:98. Defendant filed a motion to suppress evidence which was heard on November 25, 1986 in the City Court of the City of Lafayette. The judge denied the motion. Defendant subsequently pleaded nolo contendere and reserved his right to appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Defendant was sentenced and filed a motion for writ of review, which was granted.

FACTS
On August 12, 1986, at approximately midnight, defendant, Warren H. Broussard, was pulled over by Officer Randall Menard for improper lane usage on Johnston Street in Lafayette. Officer Menard had just observed defendant pull out of the parking lot of the Centerfold Lounge and testified that defendant's vehicle had crossed the centerline of Johnston Street twice in approximately 200 feet of roadway. Defendant was given a field sobriety test, placed under arrest, and brought to the police station. Defendant was read his Miranda warnings and the authorities explained the consequences of a refusal to take the chemical test he was about to be administered. Defendant questioned Officer Menard regarding the explanation given and made several requests to make a phone call. Later defendant specifically requested to call an attorney, at which point Officer Menard complied with his request. Another officer followed defendant and observed defendant for the period of time he was on the telephone. Defendant telephoned the chief of police in Abbeville, a friend of defendant, and talked for approximately ten minutes.
When defendant was escorted back he again asked to be permitted to call his attorney. The officer refused to allow him to do so until after he had been questioned on the ground that he had already been given an opportunity to call his attorney and had instead called a friend. Defendant repeatedly asked to be allowed to call an attorney and was refused. Officer Menard said he raised his voice to defendant before defendant exhaled into the machine. Defendant said he was intimidated into taking the test. Defendant registered 0.13 percent blood alcohol.
The defendant moved to suppress the results of the blood alcohol test and his statements on the ground that his constitutional right to consult an attorney before speaking had been violated. At the hearing on the motion, Wesley D. Nelson was called by defendant as a witness. Mr. Nelson testified that he was driving directly behind defendant when defendant pulled out of the Centerfold parking lot and that defendant never once crossed the centerline. Defendant testified that he had been to an auto auction at 7:30 in the evening and had consumed a few beers earlier that evening. The motion was denied and the defendant entered a plea of non contendere, reserving his right to appeal under the Crosby rule.

ASSIGNMENTS OF ERROR
The plaintiff assigns as errors the following:
1. The trial court erred in denying defendant's motion to suppress statements made by the defendant in response to interrogation by police officers incident to arrest and subsequent to the time defendant asserted his right to the assistance of counsel, where defendant did not knowingly and intelligently waive his right to the assistance of counsel and where police officers deliberately denied him that right.
2. The trial court erred in failing to suppress the results of a chemical test for intoxication where, prior to submission to such test, defendant asserted his right to counsel and expressed his desire not to submit to such test until being advised by counsel, defendant did not knowingly and intelligently waive that right, and defendant was denied access to counsel.
*1002 3. The trial court erred in denying defendant's motion to suppress the results of the chemical test for intoxication where defendant submitted to said test as a result of duress and intimidation, and defendant was compelled through such duress and intimidation to give evidence against himself in contravention of Article 1, Section 15 of the Louisiana Constitution of 1974.
4. The trial court erred in finding the State had proved that the arrest of the defendant was made pursuant to probable cause when the testimony of a third party witness indicated factually that the requisite probable cause did not exist.
5. The trial court erred in denying defendant's motion to suppress evidence based on the lack of probable cause where the State failed to rebut or refute the testimony of a third party witness whose testimony indicated factually that the requisite probable cause did not exist.
6. The trial court erred in denying defendant's motion to suppress the chemical test for intoxication where the State failed to carry its burden of proof that the defendant had not regurgitated during the 15 minutes immediately prior to testing in accordance with the officially promulgated procedure.

ASSIGNMENTS OF ERROR 1 AND 2
Defendant contends the trial court erred in denying his motions to suppress statements given and the blood alcohol test results taken after he invoked his right to speak to an attorney.
LSA-C.Cr.P. art. 230 provides:
"The person arrested has, from the moment of his arrest, a right to procure and confer with counsel and to use a telephone or send a messenger for the purpose of communicating with his friends or with counsel."
If an accused who is in custody indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking, there can be no questioning. U.S. Const. amend. V; La. Const. art. I, § 13; State v. Rodrigue, 409 So.2d 556 (La.1982). If an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police initiated custodial interrogation even if he has been advised of his rights; he is not subject to further interrogation until counsel has been made available to him, unless accused himself initiates further communication, exchanges or conversations with the police. State v. Rodigue, supra.
In State v. Harper, 430 So.2d 627 (La. 1983), the court held that after a defendant has asserted his right to counsel, continued questioning of defendant by police is clearly impermissible and thus any statements given, whether exculpatory or inculpatory, are subject to suppression.
Thus, the statements given after defendant asked to call an attorney should have been suppressed.
As to the blood alcohol test results, since the defendant registered 0.13 percent on the intoximeter, he was squarely within the provisions of LSA-R.S. 14:98, which provide in pertinent part:
"A crime of operating a vehicle while intoxicated is operating of any motor vehicle... when:
* * * * * *
"(2) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; ...."
The .10 percent or above reading constitutes a violation of LSA-R.S. 14:98, not just a rebuttable presumption. State v. Singer, 457 So.2d 690 (La.App. 4th Cir. 1984), writ denied, 458 So.2d 465 (La.1984).
In State v. Spence, 418 So.2d 583 (La.1982), the court held that, while a defendant has a right to consult a lawyer, he does not have a right to wait to take a blood alcohol test until after he has consulted an attorney. The court explained:
"The reason for this rule is obvious. The relevant point in time for measuring blood-alcohol content is immediately after the driver is stopped, because the blood-alcohol percentage decreases with the passage of time. Were the result *1003 otherwise, the driver could effectively defeat the state's efforts to conduct a prompt test by requesting that he be given the opportunity to consult a lawyer." 418 So.2d at 586.
This jurisprudence is now codified in LSA-R.S. 32:661(A):
"A. Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of R.S. 32:662, to a chemical test or tests of his blood, breath, urine, or other bodily substance for the purpose of determining the alcoholic content of his blood and the presence of any abused or illegal controlled dangerous substance as set forth in R.S. 40:964 in his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages or any abused or illegal controlled dangerous substance as set forth in R.S. 40:964. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of either alcoholic beverages or any abused or illegal controlled dangerous substance as set forth in R.S. 40:964. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered."
1987 La.Acts 338.
Therefore, the defendant did not have the right to consult his attorney prior to taking the blood alcohol test, and the defendant's motion to suppress the results of the test was properly denied.
In view of the fact that defendant registered a 0.13 blood alcohol level, constituting a violation of LSA-R.S. 14:98, for which he was convicted, the improper denial of the motion to suppress the defendant's statements taken in violation of his right to counsel was harmless error. The 0.13 per cent blood alcohol level was sufficient evidence to convict the defendant under LSA-R.S. 14:98. A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity or variance which does not affect substantial rights of the accused. LSA-C.Cr.P. art. 921. The conviction was proper.

ASSIGNMENT OF ERROR 3
Defendant contends the trial court erred in denying his motion to suppress the results of the blood alcohol breath test, as the defendant was compelled to give evidence against himself in contravention of the U.S. Const. amend. V, and the La. Const. art. I, § 16.
A defendant's right against self-incrimination is not violated in the gathering of physical evidence, such as a blood sample for scientific testing, as this constitutes non-testimonial evidence. State v. Spence, supra. Defendant's right against self-incrimination was neither involved nor violated. This assignment of error lacks merit.

ASSIGNMENTS OF ERROR 4 AND 5
Defendant contends the trial court erred in determining that there was probable cause to stop defendant. Defendant argues that the testimony of defense witness Wesley Nelson contradicted the testimony of Officer Menard, the State's witness, and that there was no probable cause to stop defendant since the State failed to contravert the testimony of Nelson.
Where testimony is in direct conflict it is left to the trier of fact to determine credibility. The reasonable credibility determinations of the trier of fact are entitled to great weight in the absence of an abuse of discretion. State v. MacDonald, 390 So.2d 1276 (La.1980); State v. Tassin, 472 So.2d 340 (La.App. 3d Cir.1985), writ denied, 477 So.2d 97 (La.1985). The trial court apparently gave more weight to the officer's testimony than to Nelson's testimony. This was not a manifest abuse of discretion. The trial court properly concluded, on the basis of the officer's testimony, that there was probable cause to stop defendant *1004 and thus the subsequently administered blood alcohol test results were properly admitted into evidence.

ASSIGNMENT OF ERROR 6
Defendant contends the trial court erred in admitting into evidence the breath test results because the State failed to prove that defendant had been sufficiently observed for 15 minutes prior to undergoing the test.
11 La.Admin.Reg. 256 at Section 009, relating to breath tests requires:
"Section 1. General observation of the subject for a period of not less than 15 minutes prior to testing whereby the subject shall not have ingested alcohol, alcoholic beverages, regurgitated, vomited or taken anything by mouth."
While defendant was on the phone for 14 minutes, he was not being personally observed by Officer Menard. However, another police officer personally accompanied defendant and observed him during the entire time of the phone call. The officer stated that, while he was observing defendant, he never took anything by mouth or belched. However, because defendant had his back to him once or twice for a matter of seconds, it was possible that defendant could have regurgitated.
Defendant argues that this "possibility" of regurgitation showed failure to comply with the regulations concerning general observation, thus rendering the test inadmissible.
In State v. Clark, 446 So.2d 293 (La. 1984), the court discussed the 20-minute observation period then currently being required by the regulations. The court stated in pertinent part:
"The regulation does not require constant observation by one individual for the 20-minute period preceding testing, but only that the person be subjected to `general observations ... whereby the subject shall not have ingested alcohol, alcoholic beverages, regurgitated, vomited, or taken anything by mouth.'"
It appears the State amply proved that defendant was "generally observed" for the 15-minute period preceding the test and that it was more probable than not that defendant did not ingest alcohol, alcoholic beverages, regurgitate, vomit, or take anything by mouth during that period. The State proved compliance with the observation requirement.

CONCLUSION
For the reasons assigned above, the ruling of the trial court denying the defendant's motion to suppress evidence is reversed as to the statements made by defendant after his request to consult with a lawyer, and the ruling of the trial judge is affirmed as to the results of the blood alcohol test. Accordingly, the conviction of the defendant for violation of LSA-R.S. 14:98 is affirmed.
AFFIRMED.
KNOLL, Judge, dissenting.
The majority opinion in my view is patently erroneous in denying defendant the right to consult his attorney prior to taking the blood alcohol test. The majority misinterprets State v. Spence, 418 So.2d 583 (La.1982), as though Spence stands for the holding that "he does not have a right to wait to take a blood alcohol test until after he has consulted an attorney." Spence actually holds: "It [clause in form pertaining to right to counsel] merely informs a person that he cannot delay taking the test until he has consulted a lawyer, without incurring the risk that he will lose his license." (Emphasis added.) The majority further errs by stating that this procedure is now codified in LSA-R.S. 32:661(A). This statute concerns a person's implied consent, administering of test and presumption, etc.; it by no stretch of the imagination codifies State v. Spence, supra. What actually should have happened in the present case is that the defendant should have lost his license since he requested an attorney before submitting to the test this is what is provided in the form and this is the "risk" Spence refers to; but to deny counsel is clearly unconstitutional.
If the State could coerce or was entitled to the blood alcohol test results as a matter of right, then the procedure outlined by the majority would be appropriate. However, *1005 since there were no fatalities or serious bodily injuries, (LSA-R.S. 32:666[A]), the State needed the consent of the defendant to submit to the test. In my view, the testing for blood alcohol is a critical stage of the proceeding, therefore, defendant is entitled to consult with an attorney prior to submitting to the test. United States v. Wade, 388 U.S. 218, 226, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149 (1967).
Article I, § 13 of the 1974 Louisiana Constitution guarantees the right to the assistance of counsel. The right to assistance of counsel during custodial interrogation is also a federal constitutionally secured right. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). LSA-C.Cr.P. Art. 230 provides that from the moment of arrest a person has the right to telephone or send a message to a friend or an attorney. The majority opinion fails to apply this state and federal constitutionally secured right in DWI custodial interrogation and testing. Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them. Miranda v. State of Arizona, supra.
The defendant requested to call a friend five times at the beginning of custodial interrogation but was not permitted to use the telephone unless he called an attorney. This was error. LSA-C.Cr.P. Art. 230. Although defendant first called a friend who was not an attorney, this conduct does not abrogate his constitutionally secured right to consult an attorney during custodial interrogation. Once a defendant asserts this right, the right must be honored and interrogation must cease. State v. Harper, 430 So.2d 627 (La.1983).
After defendant spoke with his friend, he made a total of six requests during interrogation to call his attorney which were denied. Basically Officer Menard stated that since defendant did not call his attorney initially, but called a friend instead and spoke in excess of 10 minutes, he would not allow more time for defendant to call his attorney until after the test. Defendant stated he made the call because he lived outside of Lafayette Parish. Officer Menard told defendant he could call one after the test.
I have carefully viewed the video submitted into evidence of defendant's interrogation and it shows that defendant very frustratedly submitted to the test without first conferring with his attorney. After the sixth request to call his attorney, defendant gave up in disgust and stated: "Whenever you're ready." Under these circumstances, I do not consider defendant voluntarily and intelligently waived his right to counsel during interrogation, therefore, all custodial interrogation statements and his alcohol concentration test results should have been suppressed.
The majority further errs by stating that since defendant registered a 0.13 blood alcohol level, this alone constitutes a violation of LSA-R.S. 14:98, not just a rebuttable presumption; therefore, it was harmless error not to suppress defendant's statements during custodial interrogation. This holding effectively wipes out any constitutional right to counsel if the State can get a person, who does not waive his right to counsel, to submit to a blood alcohol test and the results are positive. This is tantamount to a conviction without a waiver of counsel.
The majority opinion is a grave departure from the federal and state constitutionally secured right to counsel clearly set forth and outlined in Miranda v. State of Arizona, supra. For the foregoing reasons, I respectfully dissent.