WILLIAM A. CULPEPPER, Judge Pro Tem.
Plaintiff appeals a judgment suspending his driver’s license, pursuant to LSA-R.S. 32:661, for refusing to submit to a breath test before being given an opportunity to consult his lawyer.
FACTS
On August 22, 1986, around 1:56 p.m., Chester Fiew was stopped by the Lake Charles City Police in Lake Charles for running a stop sign. The officer noted that Fiew had slurred speech, an alcoholic beverage breath odor and a swaying, almost staggering, balance. Thereafter, Fiew was transported to the Lake Charles police station, read his rights and asked to take a breath test. Defendant requested to telephone his lawyer and was given the opportunity to do so, but with the understanding that by refusing to take the test until after he talked to a lawyer, the officer would consider that action a refusal to take the breath test. The officer testified that a five to fifteen minute delay to give Fiew an opportunity to talk to his lawyer would not have impaired the test in any way, but that he was only following the instructions on the printed form from which he read to Fiew his rights under the Implied Consent Law, LSA-R.S. 32:661-669. The officer also testified that Fiew indicated to him that after he talked to his lawyer there was a possibility that he would take the test, but that despite the consequences of his refusal he would still refuse to take the test until after he talked to his lawyer. As a result, Fiew was deemed to have refused the test and his driving privileges were suspended after a hearing on October 15, 1986. Thereafter, Fiew appealed to the district court pursuant to LSA-R.S. 32:414. The matter was heard and the appeal denied. Fiew appeals that judgment.
ASSIGNMENT OF ERROR
The appellant assigns as error the following:
1. The trial court erred as a matter of law by denying the appeal of Fiew.
APPLICABLE LAW
Appellant contends that a driver has a due process right to phone counsel prior to making a decision to take or refuse to submit to a breath test when to do so would not impair the validity of the test.
In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the court stated:
“As Mr. Justice Blackmun has written recently, “this Court now has rejected the concept that constitutional rights turn upon whether a governmental benefit is characterized as a ‘right’ or as a ‘privilege.’ ” Graham v. Richardson, 403 U.S. 365, 374, 91 S.Ct. 1848, 1853, 29 L.Ed.2d 534 (1971). Whether any procedural protections are due depends on the extent to which an individual will be ‘condemned to suffer grievous loss.’ Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 168, 71 S.Ct. 624, 646, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring), quoted in Goldberg v. Kelly, 397 U.S. 254, 263, 90 S.Ct. 1011, 1018, 25 L.Ed.2d 287 (1970). The question is not merely the ‘weight’ of the individual’s interest, but whether the nature of the interest is one within the contemplation of the ‘liberty or property’ language of. the Fourteenth Amendment. Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).”
Suspension of a driver’s license has been held to be a civil sanction. Gunstream v. State, Dept. of Public Safety, 353 So.2d 355 (La.App. 1st Cir.1977); State v. Love, 312 So.2d 675 (La.App. 2d Cir.1975), writ refused, 317 So.2d 627 (1975); Swan v. Dept. of Public Safety, 311 So.2d 498 (La.App. 4th Cir.1975); Green v. Dept. of Public Safety, 308 So.2d 863 (La.App. 4th Cir.1975); Harrison v. State, Dept. of *121 Public Safety, 298 So.2d 312 (La.App. 4th Cir.1974); writ refused, 300 So.2d 840 (La.1974). Due process requires notice and an opportunity to be heard prior to suspension of the driver’s license. LSA-R.S. 32:667 and LSA-R.S. 32:668 have been held to provide adequate due process protection. See Gunstream, v. State, Dept. of Public Safety, supra, Quoyeser v. Dept. of Public Safety, 325 So.2d 327 (La.App. 3d Cir.1975); Green v. Dept. of Public Safety, supra; Harrison v. State, Dept. of Public Safety, supra; Whitaker v. State, Dept. of Public Safety, Driv. Lie. Div., 264 So.2d 725 (La.App. 1st Cir.1972), writ granted, 262 La. 1167, 266 So.2d 447 (La.1972), writ recalled and vacated, 278 So.2d 503 (La.1973). Therefore, appellant’s right to due process has not been violated by the Implied Consent Law.
Nor has appellant been denied his right to counsel. In Swan v. Dept. of Public Safety, supra, the court addressed this issue:
“It is well settled that the withdrawal of a person’s driving privileges under the Louisiana Implied Consent Law, LSA-R. S. 32:661 et seq., is a civil sanction. Therefore, a driver does not enjoy the right to the Miranda warnings, or to have counsel present before deciding to submit to the chemical test prescribed by the statute. Such tests do not violate one’s right against self incrimination. Whitaker v. State of Louisiana, Department of Public Safety, Drivers License Division, 264 So.2d 725 (La.App. 1 Cir.1972); writ issued 262 La. 1167, 266 So. 2d 447, recalled and vacated 278 So.2d 503; Harrison v. State of Louisiana, Department of Public Safety, Drivers License Division, 298 So.2d 312 (La.App. 4 Cir.1974) writ refused.”
See also, State v. Allen, 440 So.2d 1330 (La.1983); State v. Broussard, 517 So.2d 1000 (La.App. 3d Cir.1987); Quoyeser v. Dept. of Public Safety, supra; Whitaker v. State, Dept. of Public Safety, supra; Harrison v. State, Dept. of Public Safety, supra. The jurisprudence is clear that there is no right under LSA-C.Cr.P. art. 230 to consult an attorney prior to submitting to a breath test.
The appellant next contends that if a request is made by a driver to phone counsel prior to making a decision to take or refuse a breath test, and to allow the DWI arrestee a reasonable opportunity to do so would not impair the validity of the breath test, that request alone should not be considered a legal refusal to take the breath test and result in a suspension of his license.
In State v. Spence, 418 So.2d 583, 586 (La.1982), the Supreme Court stated, as to the DWI advice of rights form clause “if you refuse the test until you can talk to a lawyer, you will still lose your license”:
“The clause cannot reasonably be interpreted as implying that an arrested person does not have a constitutional right to consult a lawyer. It merely informs a person that he cannot delay taking the test until he has consulted a lawyer, without incurring the risk that he will lose his license.”
“The reason for this rule is obvious. The relevant point in time for measuring blood-alcohol content is immediately after the driver is stopped, because the blood-alcohol percentage decreases with the passage of time. Were the result otherwise, the driver could effectively defeat the state’s efforts to conduct a prompt test by requesting that he be given the opportunity to consult a lawyer.”
Clearly, the court considers the refusal to take the test until after consulting an attorney to be a legal refusal. The arrestee is advised of this and we are convinced that in this case appellant clearly understood this consequence. See also, State v. Allen, supra; Swan v. Dept. of Public Safety, supra.
Further, as appellee points out, the time involved in contacting and consulting an attorney can conceivably involve more than “five to fifteen minutes.” The attorney must be contacted and if he cannot be reached an alternative lawyer must be found. If the attorney tries to consult with his client in person, rather than over the phone, arrival time must be added to the *122 delay. Finally, consultation time must be included. This could all result in a lengthy delay which would defeat the purpose of the rule because, as pointed out by the Supreme Court in Spence, supra, the relevant point in time for measuring blood alcohol content for DWI purposes is immediately after the driver is stopped.
CONCLUSION
Accordingly, for the reasons assigned above, the judgment of the trial court is affirmed. The costs of appeal are assigned to plaintiff-appellant.
AFFIRMED.